UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ISABEL ZELAYA, et al.,                )
                                       )
            Plaintiffs,                )
                                       )
v.                                     )   No. 3:19-CV-62-PLR-HBG
                                       )
JERE MILES, et al.,                    )
                                       )
            Defendants.                )

## **ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is the United States' Statement of Interest and Motion for Entry of Protective Order ("Motion for Protective Order") [Doc. 27]. The parties appeared before the Court for a motion hearing on April 1, 2019. Attorneys Julia Solorzano, Melissa Keaney, Meredith Stewart, and Philip Cramer were present on behalf of Plaintiffs. Attorneys Kenny Saffles and Leah McClanahan appeared on behalf of Defendant Miles. Attorneys Saffles and McClanahan also appeared on behalf of the United States. Accordingly, for the reasons explained below, the Court **GRANTS IN PART** the United States' Motion [**Doc. 27**].

In its Motion, the United States requests an order directing the Clerk to redact the individual-capacity Defendants' personal information that has already been disclosed in the Complaint, in the summonses, in the returns, in Plaintiffs' Motion for Leave to Take Expedited Discovery, and Plaintiffs' Reply in support thereof. In addition, the United States requests that the Court direct the parties that the personal information of any federal employee not be disclosed in the public record in the future.

1

The United States submits that it is not a party to the instant action but that it has an interest in protecting the personal information of its employees. For grounds, the United States submits that Defendants are law enforcement officials and that protecting their personal information is justified due to safety concerns. Further, the United States contends that the burden of good cause is easier to meet in this case due to the recent targeting of ICE agents and employees.

Plaintiffs filed a Response [Doc. 38], stating that they do not object to protecting the public disclosure of home addresses, telephone numbers, personal email addresses, and any information identified in Federal Rule of Civil Procedure 5.2. Plaintiffs state, however, that the United States does not adequately define what additional information it seeks to protect.

At the hearing, the United States stated that it was difficult to define what constituted personal information. The United States proposed that if Plaintiffs become aware of the need to file information that could be considered personal, they contact the United States to discuss prior to filing. Plaintiffs stated that there does not appear to be a dispute about this issue and that if the United States seeks to protect additional information, it is the United States' burden to describe the protected information with particularity in order to make sure information is redacted in the future. The United States proposed that the Court protect the information that the parties have consented to and that it may seek leave to add information at a later time.

The parties agree that home addresses, telephone numbers, personal email addresses, and any information identified in Federal Rule of Civil Procedure 5.2 should be redacted. Accordingly, the Court finds good cause has been shown to redact such information, and the Court **ORDERS** that such information be redacted in future filings. The United States may seek leave to expand the definition of "personal information" if it believes an expansion is warranted. Further, if

Case 3:19-cv-00062-PLR-HBG   Document 46   Filed 04/04/19   Page 2 of 3   PageID #: 635

information needs to be filed in the record that could be considered personal, the Court encourages the parties to discuss the matter with one another prior to filing the information.

As a final matter, the Court notes that the United States' Motion requests that the Clerk redact the personal information from documents that have already been filed. The Clerk is not responsible for redacting documents that the parties file. The parties are **DIRECTED** to work together to make appropriate redactions on the documents that have been filed that contain personal information and to submit these documents on a CD or flash drive to the Clerk's office. The Clerk will replace the unredacted documents with the redacted documents once they are received. The Clerk **SHALL** temporarily seal the following documents: [Doc. 1], [Doc. 1-4], [Doc. 1-9], [Doc. 1-11], [Doc. 1-13], [Docs. 9-10], [Doc. 12], [Docs. 16-17], [Docs. 18-19], and [Doc. 25]. The Clerk will automatically unseal the documents on **April 12, 2019**, should the redacted documents not be received. Accordingly, the United States' Motion for Entry of Protective Order [**Doc. 27**] is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED.**

ENTER:

*Bruce Guyton*
United States Magistrate Judge