UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ISABEL ZELAYA, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No 3:19-CV-62 |
| v. | ) | (REEVES/GUYTON) |
| | ) | |
| JERE MILES, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

### JOINT MOTION TO SUSPEND DEADLINES FOR RESPONDING TO SECOND AMENDED COMPLAINT

Come now Plaintiffs, by and through counsel, and Defendants, by and through J. Douglas Overbey, United States Attorney for the Eastern District of Tennessee, ("Parties"), and jointly move the Court to suspend the deadlines for individual defendants to respond to the Second Amended Complaint (Doc. 97) pursuant to Rule 12 of the Federal Rules of Civil Procedure. In support of this request, the Parties submit that they discussed setting a collective deadline for the individual defendants to respond to the Second Amended Complaint. However, because Plaintiffs plan to request leave to file a third amended complaint, the Parties believe setting a deadline for responding to the Second Amended Complaint will create unnecessary pleadings. Therefore, the Parties request that the Court suspend temporarily the deadlines for responsive pleadings to allow Plaintiffs to move for leave to file the third amended complaint and permit the Parties to propose a deadline for responsive pleadings within fourteen days of the filing of the third amended complaint.

On January 29, 2019, Plaintiffs presented tort claims against the United States for administrative determination pursuant to the Federal Torts Claim Act, 28 U.S.C. § 1346 ("FTCA

Claims"). ¹ The FTCA Claims relate to the execution of the search warrant at Southeastern Provision, which is also at issue in the instant lawsuit. Plaintiffs are required to exhaust the FTCA Claims at the administrative level before moving to amend their pleading to add the FTCA Claims to the instant case. In order to exhaust, the FTCA Claims must be decided by the agency at the administrative level. The agency can decide the FTCA Claims by either: (a) rendering a decision on the claims or (b) failing to issue a decision within six months of the filing of the claims — whereupon, the claims may be deemed denied, *see* 28 U.S.C.A. § 2675 ("The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section."). Thus, because the FTCA Claims were submitted to the agency on January 29, 2019, either the FTCA Claims will be explicitly decided in the next eight weeks, or they may be deemed denied on July 29, 2019. Either way, the FTCA Claims will be decided at the administrative level by the end of July 2019.

After a decision is issued on the FTCA claims, Plaintiffs intend to move the Court for leave to amend the Second Amended Complaint to add in claims, including but not limited to, the FTCA Claims. Thus, absent a continuation of the deadlines for responding to the Second Amended Complaint, the individual defendants would respond to the Second Amended Complaint by answering or filing motions to dismiss, and Plaintiffs would move to amend the Second Amended Complaint shortly thereafter. Upon amendment of the complaint, the individual defendants would amend their answers or motions to dismiss. This cycle of pleading, responding, and amending both the complaint and the responses thereto will expend judicial

---

[1] The instant description of the FTCA and its requirements is not exhaustive, nor does it waive any FTCA defenses that the United States – currently a third party – might raise in the future.

resources and the Parties' resources unnecessarily and crowd the record with unnecessary filings. The Parties hope to avoid such waste by requesting the instant relief.

Accordingly, the Parties move the Court to suspend the deadlines for the individual defendants, including both defendants who have been served and those who will be served during the pendency of the instant issue, to respond to the Second Amended Complaint. The Parties are unable to propose a date certain to which the response deadline for the individual defendants should be reset because the Parties do not know: when the FTCA administrative claims will be decided, when the Plaintiffs will file the motion to amend, when a ruling on the motion to amend will issue, or when the third amended complaint will be filed. As a result, the Parties move the Court to:

1. Suspend the deadlines for the individual defendants, including both defendants who have been served and those who will be served during the pendency of the instant issue, to respond to the Second Amended Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure; and

2. Allow the Parties **fourteen days** following the filing of Plaintiffs' third amended complaint in which to agree to a deadline for the individual defendants[2] to respond to the third amended complaint and to propose that date to the Court.

> Respectfully submitted,
>
> *Signature pages follow.*

---

[2] The Parties agree that the United States' and the individual Defendants' deadline to respond to the third amended complaint will be within the time allowed under Fed. R. Civ. P. 12 based upon the date on which it is served.

| | |
|---|---|
| J. DOUGLAS OVERBEY<br>United States Attorney<br><br>*s/ Leah W. McClanahan*<br>Kenny L. Saffles (BPR #023870)<br>Leah W. McClanahan (BPR #027603)<br>Assistant United States Attorney<br>800 Market Street, Suite 211<br>Knoxville, TN 37902<br>Kenny.Saffles@usdoj.gov<br>Leah.McClanahan@usdoj.gov<br>(865) 545-4167<br><br>On behalf of Defendants | *s/ Phillip F. Cramer*<br>William L. Harbison (No. 7012)<br>Phillip F. Cramer (No. 20697)<br>John L. Farringer IV (No. 22783)<br>SHERRARD ROE VOIGT & HARBISON, PLC<br>150 3rd Avenue South, Suite 1100<br>Nashville, TN 37201<br>T: (615) 742-4200<br>F: (615) 742-4539<br>bharbison@srvhlaw.com<br>pcramer@srvhlaw.com<br>jfarringer@srvhlaw.com<br><br>Nora A. Preciado<br>Araceli Martínez-Olguín<br>NATIONAL IMMIGRATION LAW CENTER<br>3450 Wilshire Blvd. #108 – 62<br>Los Angeles, CA 90010<br>T: (213) 639-3900<br>F: (213) 639-3911<br>preciado@nilc.org<br>martinez-olguin@nilc.org<br><br>Meredith B. Stewart<br>SOUTHERN POVERTY LAW CENTER<br>201 Saint Charles Avenue, Suite 2000<br>New Orleans, LA 70170<br>T: (504) 486-8982<br>F: (504) 486-8947<br>meredith.stewart@splcenter.org |

Julia Solórzano
SOUTHERN POVERTY LAW CENTER
P.O. Box 1287
Decatur, GA 30031
T: (404) 521-6700
F: (404) 221-5857
julia.solorzano@splcenter.org

Eben P. Colby
500 Boylston Street
Boston, Massachusetts 02116
T: 617-573-4855
F: 617-305-4855
Eben.Colby@probonolaw.com

Jeremy A. Berman
4 Times Square
New York, NY 10036-6522
T: 212-735-2032
F: 917-777-2032
Jeremy.Berman@probonolaw.com

Arthur R. Bookout
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
T: 302-651-3026
F: 302-434-3026
Art.Bookout@probonolaw.com

Whitney Wester
1000 Louisiana
Suite 6800
Houston, TX 77002
T: 713-655-5152
F: 713-483-9152
Whitney.Wester@probonolaw.com

On behalf of the Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2019, the foregoing motion was electronically filed. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and all persons or parties not on the electronic filing receipt will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

By: *s/ Leah W. McClanahan*
Leah W. McClanahan
Assistant United States Attorney