IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ISABEL ZELAYA, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 3:19-cv-00062-TRM-SKL |
| | ) |
| ROBERT HAMMER, et al., | ) CLASS ACTION |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' SUBSTITUTE MOTION FOR LEAVE TO
FILE A FOURTH AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT**

Plaintiffs, on behalf of themselves and the proposed class, respectfully submit this Substitute Motion for Leave to File a Fourth Amended Complaint. Plaintiffs originally filed a conditional motion for leave to file a Fourth Amended Complaint on April 9, 2020, while Defendants' partial motions to dismiss were pending. (Doc. 369) Among other proposed amendments, Plaintiffs at that time sought to add 69 new Defendants, primarily from the Internal Revenue Service (IRS), whose names and extensive roles in the detention of the proposed class had then been only recently revealed to Plaintiffs. At that time, Plaintiffs noted that they anticipated filing a revised Fourth Amended Complaint following the disposition of the motions to dismiss. Since the Court issued its opinion on Defendants' motions to dismiss on January 31, 2021 (Doc. 380), Plaintiffs' counsel and counsel for the individual DHS Defendants and the United States ("U.S. Defendants") have engaged in informal discovery to narrow the number of new Defendants. Plaintiffs now seek to substitute this motion for the previously filed motion and attach a proposed Fourth Amended Complaint adding 41 new IRS Defendants and alleging additional factual detail gleaned from documents produced in discovery and the Parties' discussions.

1

## PRELIMINARY STATEMENT AND PROCEDURAL HISTORY

The facts here are well-known. This action arises from a workplace raid at the Southeastern Provision meatpacking plant in Bean Station, Tennessee (the "Plant"). Approximately 100 Latino workers were forcefully seized and arrested by government officers. Officers from the U.S. Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"), Enforcement and Removal Operations ("ERO"), Customs and Border Protection ("CBP"), the Tennessee Highway Patrol ("THP"), Morristown Police Department ("MPD"), and agents from the Internal Revenue Service ("IRS," and with the officers from ICE, HSI, ERO and CBP, the "Federal Officers"), under the cover of an IRS warrant for financial documents, descended on the Plant, arrested workers based on the fact that they appeared Latino, transported them over county lines to an awaiting Armory, controlled by the Tennessee National Guard, and detained some for more than twelve hours (the "Raid"). Among the trauma sustained by the class members: (i) one worker was struck in the face by a Federal Officer; and (ii) another was forced to relieve himself with a gun to his head and in full view of other Federal Officers just because he asked to use the restroom while detained at the Plant. Plaintiffs have brought constitutional *Bivens*, Federal Tort Claim Act (FTCA), and federal conspiracy claims against the Officers and the United States of America arising from the Raid.

Plaintiffs filed this litigation on February 21, 2019. (Doc. 1) Their original Complaint named nine federal officers and numerous unnamed "Doe" officers in their individual capacities. Despite submitting Freedom of Information Act (FOIA) requests and diligently pursuing other avenues to identify the individual officers involved and their roles in the Raid,[1] Plaintiffs were

---

[1] Plaintiffs or their counsel also sought information to identify the Doe Defendants through numerous sources, including an Open Records Act Request filed by the Tennessee Immigrant & Refugee Rights Coalition to the Tennessee Highway Patrol on April 11, 2018 (every apparent

unable to obtain the names of the officers involved in the Raid because the government would not disclose that information.

Days after the Raid, on April 10, 2018, Plaintiffs' counsel sent a FOIA request to DHS and ICE seeking information about the Raid and its planning. (Doc. 10-2) On December 7, 2018, Plaintiffs filed a second, narrowly tailored request seeking only the names and locations of the ICE agents participating in the Raid. (Doc. 10-4) After ICE denied the first request and ignored the December request, the National Immigration Law Center (NILC), counsel for Plaintiffs in this action, filed FOIA litigation against DHS and ICE in March 2019. *See Nat'l Immigration L. Ctr. v. Dep't of Homeland Sec.*, No. 1:19-cv-00866-RC (D.D.C. filed Mar. 26, 2019).

Plaintiffs also moved for expedited discovery seeking the identities of the Doe Defendants days after filing the original Complaint. (Doc. 9) Finding that the Plaintiffs established good cause to seek expedited discovery, the Court permitted Plaintiffs to issue a subpoena to DHS. (Doc. 44 at 7, 10) Plaintiffs served DHS with this subpoena on April 3, 2019, seeking the names of agents who participated in the Raid. (Doc. 47-2) On April 4, 2019, Plaintiffs sought an order compelling DHS to respond to Plaintiffs' subpoena. Before the district court could rule, DHS filed notice of its intent to comply, eventually resulting in the agency's April 5, 2019 disclosure of the names of 40 ICE officers physically present on the day of the Raid. (*See* Docs. 47-1 at 1; 47-8 at 3) This document also disclosed for the first time that as many as 50 IRS agents, whom DHS did not individually name in this production, participated in the Raid. (*See* Docs. 47-1 at 4; 60-2 at 10)

---

mention of a federal agent involved in the raid was redacted in the response); a letter sent by members of the U.S. Congress to DHS on June 5, 2018, the response to which failed to provide names of federal agents; news reports and social media accounts; and by speaking with the U.S. Attorney's office for this district in February 2019. (*See, e.g.*, Doc. 10 at 7-8)

3

Plaintiffs that day amended their Complaint to add the individual DHS officers as defendants. (*See* Doc. 48)

On April 5, 2019, DHS produced to Plaintiffs' counsel additional unredacted names of CBP officers in response to the Plaintiffs' subpoena. (Doc. 60-2) That same day, Plaintiffs moved for leave to amend the complaint to include the names of those individual officers. (Doc. 57) The Court granted the motion for leave on April 23, 2019 and deemed the Plaintiffs' Second Amended Complaint filed as of April 5, 2019. (Docs. 94, 96)

Despite knowing that Plaintiffs were seeking the identities of all federal agents who participated in the Raid, the government did not inform Plaintiffs that numerous IRS agents were present; Plaintiffs only learned of the agents' sizable presence at the Raid from a vague and buried notation in DHS's heavily redacted production. (Doc. 60-2 at 10 (DHS-HSI enforcement operation plan stating "IRS-CID 50 agents")) Therefore, on May 7, 2019, counsel for Plaintiffs, NILC and the Southern Poverty Law Center (SPLC), requested documents from the IRS through FOIA seeking, among other information, the names of the IRS agents involved in planning and executing the warrant. *See S. Poverty L. Ctr. v. Internal Revenue Serv.*, No. 1:19-cv-02501 (D.D.C. filed Aug. 19, 2019), Doc. 1-1. The IRS responded that any responsive documents, to the extent any existed, constituted "tax return information" protected from disclosure by Section 6103 of the Internal Revenue Code. *See S. Poverty Law Ctr.*, No. 1:19-cv-02501, Docs 1-7 at 3. On August 19, 2019, NILC and SPLC sued the IRS to enforce compliance with the FOIA. *Id.* The Parties in that case cross-moved for summary judgment, with briefing fully completed as of April 29, 2020. *Id.*, Docs 24-28. Those motions remain pending, and to date, the IRS has produced nothing in response to the FOIA request.

4

On July 29, 2019, Plaintiffs moved for leave to file their Third Amended Complaint ("TAC") to add claims under the FTCA against the United States.[2] (Doc. 305) The Court granted the motion on August 12, and the TAC was filed on August 14. (Docs. 314, 315) The DHS Defendants, Defendant Worsham, and the United States moved to dismiss certain claims raised in the TAC on October 4, 2019. (Docs. 328, 330, 332) Defendant Witsell moved to dismiss all claims on October 24, 2019. (Doc. 334)

The DHS Defendants' motion to dismiss identifies Defendant Witsell as the officer who "initially encountered" Plaintiff Guerrero in response to Plaintiff Guerrero's allegation that he was "struck . . . in the face" by a DHS officer. (*See* Doc. 329 at 28) Defendant Witsell has neither denied nor confirmed that he was the officer identified in the TAC. (Doc. 335 at 11 n.1)

On November 18, 2019, Plaintiffs served discovery requests on the DHS Defendants seeking to identify the individual officers involved in specific acts against Plaintiffs. The United States produced limited documents in response to these requests before obtaining a discovery stay during the pendency of the Defendants' motions to dismiss. (Doc. 365, March 24, 2020) Among the documents produced was video footage from the Plant on April 5, 2018, which showed IRS

---

[2] DHS was obligated to transmit Plaintiffs' FTCA claims to the IRS to comply with 28 C.F.R. § 14.2(b)(1)-(2), which requires federal agencies to "contact all other affected agencies [and] designate the single agency which will thereafter investigate and decide the merits of the claim," because DHS knew about the IRS's involvement in the events giving rise to the claims. However, on May 29, 2019, DHS informed the Plaintiffs that it had not sent those claims to the IRS, as required. On June 20, 2019, Plaintiffs submitted nearly identical FTCA claims to the IRS, and in that communication, advised that Plaintiffs regard the IRS as having had notice of the FTCA claims as of January 29, 2019, the date on which DHS received them. Plaintiffs have exhausted their administrative remedies with respect to their claims against the IRS because DHS's June 27, 2019 denial letter constitutes a final determination on those claims, *see* 28 C.F.R. § 14.2(b)(2), and the IRS failed to issue a separate determination within the required six-month period, *see* 28 U.S.C. § 2675(a).

5

officers participating directly in the Raid as part of the "Entry Teams" and "Employee Control Teams" formed to arrest the Latino workers.

Prior to entry of the discovery stay, Plaintiffs served a *Touhy* subpoena on the IRS on December 3, 2019. (Ex. C) The IRS responded via a letter dated December 20, 2019, objecting to the subpoena on technical grounds and requesting that it be withdrawn. (Ex. D) Plaintiffs re-served the *Touhy* subpoena on January 6, 2020. (Ex. E) On February 10, 2020, the IRS responded to Plaintiffs' *Touhy* subpoena, producing multiple documents, including, for the first time, a list of IRS agents and some information about their roles, including their assignments during the Raid. (Ex. F)

On April 9, 2020, Plaintiffs filed a conditional motion for leave to file a Fourth Amended Complaint, noting that "[i]f the Court should determine to grant all or part of the partial motions to dismiss, Plaintiffs anticipate that they will be able to submit a revised Fourth Amended Complaint that addresses the Court's concerns and would expect to request leave to file a revised Fourth Amended Complaint." (Doc. 369) The proposed Fourth Amended Complaint that accompanied that motion included the addition of sixty-nine (69) additional defendants, sixty-seven (67) of whom were IRS agents.[3] (*Id.*)

On January 31, 2021, the Court issued an Opinion granting in part and denying in part Defendants' motions to dismiss. (Doc. 380) The Court dismissed the First (Fifth Amendment Equal Protection - *Bivens*), Second (Fourth Amendment Unreasonable Seizure – *Bivens*), Third

---

[3] The proposed Fourth Amended Complaint, filed as an attachment to Doc. 369, listed 68 IRS agents and one Homeland Security Investigations (HSI) (part of the Department of Homeland Security (DHS)), Immigration and Customs Enforcement (ICE) agent. However, further discussions with counsel for the DHS and U.S. Defendants confirmed that two of the proposed new Defendants were in fact DHS agents. As a result of the parties' discussions, Plaintiffs do not propose to add either of those two DHS agents as Defendants, and the newly proposed Defendants include only IRS agents.

(Fourth Amendment Unreasonable Seizure False Affidavit – *Bivens*), and Sixth (Fourth Amendment Unreasonable Seizure – *Bivens*, individual claims) Causes of Action. The Court allowed the Fourth (42 U.S.C. § 1985 – Conspiracy to Violate Civil Rights), Fifth (42 U.S.C. § 1986 – Failure to Prevent Violation of Civil Rights),[4] Seventh (Fourth Amendment Excessive Force – *Bivens* against Def. Witsell by Pl. Guerrero), Eighth (Fourth Amendment Excessive Force – *Bivens* against "Gun to the Head" Officer by Pl. Bautista Martínez), Ninth (Federal Tort Claims Act (FTCA) – False Imprisonment and False Arrest), Tenth (FTCA – Battery), Eleventh (FTCA-Assault), Twelfth (FTCA – Intentional Infliction of Emotional Distress), and Thirteenth (FTCA – Negligent Infliction of Emotional Distress) Causes of Action to proceed. (*Id.*)

On February 17, 2021, the Court held a status conference. Among other issues, the Court directed the parties to meet and confer on a process to identify the IRS agents that Plaintiffs sought to add as Defendants. Plaintiffs served a series of interrogatories on the U.S. Defendants on February 26, 2021, seeking to obtain relevant information, and agreed that Defendants could hold a formal response in abeyance to allow for informal identification of the agents to proceed efficiently. As part of this process, Defendants produced two new documents as well as MPD body cam footage and provided some informal information about the role of each proposed IRS defendant, as reported by the individual agents to the IRS and then communicated by the IRS to counsel for the DHS and U.S. Defendants.

On March 16, 2021, the Court held another status conference at which the parties reported their ongoing efforts to identify those agents and reduce the number of new Defendants to the extent possible. The Court then issued an amended scheduling order directing Plaintiffs to file their motion to amend the complaint to add the newly identified IRS agents by March 31, 2021,

---

[4] Plaintiffs bring the §§ 1985 and 1986 claims on behalf of a putative class.

"following anticipated informal production by Defendants of documents and information relating to the proper parties to this action." (Doc. 388) The Parties have continued their discussions and exchange of information since that point, and Plaintiffs have eliminated 28 of the originally proposed new Defendants from the Proposed Fourth Amended Complaint attached to this motion. Plaintiffs now seek to add 41 individual IRS Defendants and make other minor changes to reflect additional information obtained in discovery and through the conferral process with Defendants.[5]

## ARGUMENT

Under the Federal Rules of Civil Procedure, "a party may amend its pleading" upon leave of the Court. Fed. R. Civ. P. 15(a)(2). Leave to amend shall be freely given "when justice so requires." *Id.* Whether to grant leave to amend is within the Court's discretion. As the Sixth Circuit has observed, "[l]eave to file an amended complaint . . . should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 519 (6th Cir. 2001). "[T]he Sixth Circuit 'freely allow[s] the amendment of pleadings in the absence of substantial prejudice to the opposing party.'" *Davis v. Colonial Freight Sys., Inc.*, No. 3:16-CV-674, 2019 WL 10982677, at *2 (E.D. Tenn. Aug. 26, 2019) (quoting *Lawson v. Truck Drivers, Chauffeurs & Helpers, Local Union 100*, 698 F.2d 250, 256 (6th Cir. 1983)).

---

[5] Plaintiffs attempted to obtain Defendants' position on this motion and the filing of a new Proposed Fourth Amended Complaint. Counsel for the U.S. Defendants indicated that they opposed the addition of the 41 IRS agents as defendants and intended to submit a response to this motion outlining their position. Counsel for Defendant Witsell stated that Defendant Witsell took no position on the addition of 41 IRS Defendants and referred Plaintiffs' counsel to Defendant Witsell's prior response to Plaintiffs' Conditional Motion. (Doc. 373)

Plaintiffs attach the Proposed Fourth Amended Complaint to this motion, as required by Local Rule 15.1. (Ex. A)[6] The proposed amendments include: 1) the addition of 41 individual IRS Defendants whose identities were unknown to Plaintiffs until the IRS responded to a *Touhy* subpoena releasing those names (Proposed Fourth Am. Compl. ¶¶ 71-111); 2) additional factual detail surrounding the planning and execution of the Raid, gathered from a pre-raid HSI "checklist" produced as part of the limited production that the U.S. Defendants made to Plaintiffs after the filing of the Third Amended Complaint (*Id.* ¶¶ 151-55) as well as video footage of the Raid produced by Defendants, which revealed additional information about the participation of the THP and the MPD in detaining workers (*Id.* ¶¶ 3; 6; 168; 187-88); 3) additional factual detail relating to pre-raid planning meetings between DHS, IRS, THP, and MPD officials (*Id.* ¶¶ 157-61); 4) additional factual detail surrounding the assault of Plaintiff Guerrero, including the name of Defendant Witsell, revealed through video of the Raid and portions of an internal DHS investigative file following the incident (*Id.* ¶¶ 59; 197; 199; 243-44; 252-57;); and 5) the likely identity of the officer who took the "selfie" with the detained workers. (*Id.* ¶¶ 47, 271)

Plaintiffs meet the liberal Rule 15 standard for amendment. First, Plaintiffs have not unduly delayed these proposed amendments. They submit this motion and the Proposed Fourth Amended Complaint within the time ordered by the Court's Amended Scheduling Order, which set a March 31, 2021 deadline for amending to add new IRS Defendants and a November 19, 2021 general deadline for amendment of pleadings. (Doc. 388) In addition, Plaintiffs initially proposed the addition of the IRS agents as defendants in April 2020, shortly after receiving: 1) the IRS' response to a *Touhy* subpoena, which included for the first time the names and assignments of IRS agents

---

[6] Ex. A is the Fourth Amended without redlines while Ex. B is a redlined version reflecting changes between the Proposed Fourth Amended Complaint and the Third Amended Complaint.

9

involved with the Raid and 2) limited document production from the United States, including video footage of the Raid captured by surveillance cameras at Southeastern Provision that show the active participation of IRS agents in the arrests of Latino workers. Prior to receiving that information, Plaintiffs could not name the IRS Defendants because the government obstructed Plaintiffs from obtaining basic information about the federal agents who were present at the Raid, including the fact that IRS agents even had a presence there. *See infra*. The Court did not rule on Plaintiffs' conditional motion (Doc. 369) and directed Plaintiffs to file this motion to add IRS Defendants by March 31, 2021.[7] Plaintiffs' amendments are largely the same as those initially proposed in April 2020, except that Plaintiffs have pared down the list of new IRS Defendants in response to information self-reported by the IRS agents and provided to Plaintiffs by counsel for the U.S. Defendants. Plaintiffs have also added additional factual support for the claims under 42 U.S.C §§ 1985 and 1986, describing multiple planning meetings in which DHS and IRS agents along with THP troopers and MPD officers participated, based on information from counsel for the U.S. Defendants and emails produced by the IRS in response to the *Touhy* subpoena. (*See* Ex. A (¶¶ 157-61))

Second, the proposed amendments are made in good faith and do not unduly prejudice Defendants. Plaintiffs' strenuous efforts to obtain the identities of the IRS agents are well-known to Defendants and the Court—from an initial FOIA request to the IRS (now litigated through pending summary judgment motions), to the FTCA claims filed with the IRS, and discovery requests to Defendants and third parties, including a *Touhy* subpoena to the IRS that belatedly yielded critical information. Plaintiffs' proposed addition of these IRS agents come as no surprise,

---

[7] Through this Substitute Motion, Plaintiffs withdraw the prior motion for leave to amend. (Doc. 369)

10

and the IRS and its agents have had notice that their conduct was implicated in Plaintiffs' claims well before this Motion. Plaintiffs expressly noted the presence of these agents (though without any information establishing identities at that time) when explaining why justice required allowing Plaintiffs to amend to include FTCA claims against the United States in their prior motion to amend. (*See* Doc. 305 at 3-4) Moreover, Plaintiffs intentionally negotiated with Defendants to narrow the list of proposed new IRS agents in accordance with the Court's direction at the two status conferences. These exclusions allowed Plaintiffs to eliminate 28 of the 69 individuals originally proposed as new defendants in April 2020—a 40.5 percent decrease. Compare Ex. A *with* Doc. 369, Ex. A.[8] Plaintiffs worked diligently with the second-hand information that counsel for the U.S. Defendants provided to eliminate as many agents as possible in an effort to streamline the case without prejudicing their claims.

Third, the Proposed Fourth Amended Complaint is not futile. The proposed amendments add new IRS Defendants along with additional factual support for Plaintiffs' claims, such as information about the multiple meetings that individual DHS and IRS agents had between January and April 2018 with THP troopers and MPD officers leading up to the Raid, including a pre-raid planning briefing at the Marriott Hotel in Knoxville that included the federal and state agents who carried out the Raid the next day. (*See* Ex. A ¶¶ 157- 61) Plaintiffs do not seek to reassert Counts 1-3 and 6, which the Court dismissed, on behalf of the new IRS Defendants. Instead, Plaintiffs maintain these Counts in the Proposed Fourth Amended Complaint to preserve their appeal rights, recognizing that it may not be strictly necessary to do so. *See Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 617-18 (6th Cir. 2014) (noting that while the Sixth Circuit "has not clearly

---

[8] Plaintiffs agreed to the exclusions from the original list of IRS Defendants based on the representations made by counsel for the U.S. Defendants, and reserve the right to revisit that list should discovery reveal that the representations self-reported by the IRS agents were inaccurate.

11

established a rule" on whether claims dismissed with prejudice by the district court need to be re-pleaded in subsequent complaints to avoid waiver, persuasive authority from other circuits suggests that repleading is not necessary); *United States ex rel. Griffith v. Conn*, No. CV 11-157-ART, 2015 WL 8682294, at *2 (E.D. Ky. Dec. 11, 2015) (recognizing that there is some utility in keeping the dismissed and retained counts together in an amended complaint ).[9] Counts 4 and 5 survived dismissal and are pleaded in the proposed Fourth Amended Complaint against the new IRS Defendants in addition to the existing DHS agents. Accordingly, amendment is not futile.[10]

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion and permit the filing of the attached Proposed Fourth Amended Complaint.

---

[9] Should the Court prefer that Plaintiffs remove the dismissed counts from the Proposed Fourth Amended Complaint, Plaintiffs can provide a revised version of the document reflecting those changes.

[10] Any statute of limitations was tolled by fraudulent concealment of the agents' identity by the government, as well as federal equitable tolling doctrines. *See Pike v. United States*, 868 F. Supp. 2d 667, 683-84 (M.D. Tenn. 2012) (recognizing fraudulent concealment doctrine to toll statute of limitations where plaintiff exercised "reasonable care and diligence" to obtain identities of officers where employing agencies engaged in concealment and where the failure to recognize tolling would be inconsistent with federal law). Plaintiffs' repeated, diligent efforts to obtain the identities of the new IRS Defendants and the sustained resistance of the government to producing that information make tolling appropriate.

Dated: March 31, 2021

s/ Michelle Lapointe
Michelle Lapointe (admitted *pro hac vice*)
NATIONAL IMMIGRATION LAW CENTER
P.O. Box 247
Decatur, GA 30031
T: (213) 279-2508
F: (213) 639-3911
lapointe@nilc.org

Araceli Martínez-Olguín (admitted *pro hac vice*)
NATIONAL IMMIGRATION LAW CENTER
3450 Wilshire Blvd. #108 – 62
Los Angeles, CA 90010
T: (213) 639-3900
F: (213) 639-3911
martinez-olguin@nilc.org

Meredith B. Stewart (admitted *pro hac vice*)
SOUTHERN POVERTY LAW CENTER
201 Saint Charles Avenue, Suite 2000
New Orleans, LA 70170
T: (504) 486-8982
F: (504) 486-8947
meredith.stewart@splcenter.org

Eben P. Colby (admitted *pro hac vice*)
500 Boylston Street
Boston, Massachusetts 02116
T: (617) 573-4855
F: (617) 305-4855
Eben.Colby@probonolaw.com

Julia Solórzano (admitted *pro hac vice*)
Norma Ventura (admitted *pro hac vice*)
SOUTHERN POVERTY LAW CENTER
P.O. Box 1287
Decatur, GA 30031
T: (404) 521-6700
F: (404) 221-5857
julia.solorzano@splcenter.org
norma.ventura@splcenter.org

Jeremy A. Berman (admitted *pro hac vice*)
One Manhattan West
New York, NY 10001
T: (212) 735-2032
F: (917) 777-2032
Jeremy.Berman@probonolaw.com

Arthur R. Bookout (admitted *pro hac vice*)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
T: (302) 651-3026
F: (302) 434-3026
Art.Bookout@probonolaw.com

William L. Harbison (No. 7012)
Phillip F. Cramer (No. 20697)
John L. Farringer IV (No. 22783)
SHERRARD ROE VOIGT & HARBISON, PLC
150 3rd Avenue South, Suite 1100
Nashville, TN 37201
T: (615) 742-4200
F: (615) 742-4539
bharbison@srvhlaw.com
pcramer@srvhlaw.com
jfarringer@srvhlaw.com

*Counsel for Plaintiffs*

13

**CERTIFICATE OF SERVICE**

       I hereby certify that on March 31, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

                                           */s/ Michelle Lapointe*
                                           Michelle Lapointe