# EXHIBIT C

# Plaintiffs' *Touhy* Subpoena to the IRS (December 3, 2019)


Government Exhibit B




December 3, 2019

IRS Office of the Chief
Counsel: Office of Procedures
&Administration
Attn: Michael J. Desmond
1111 Constitution Ave. N.W.
Room 5503
Washington, D.C. 20224

**RE:** *Touhy* Request/ Document Subpoena to IRS related to *Zelaya, et al. v. Hammer, et al.*, 3:19-CV-00062 (E.D. Tenn.)

Dear Counselor:

Enclosed please find a subpoena for documents being served upon the Internal Revenue Service (IRS) on behalf of the Plaintiffs in the abovementioned matter. The subpoena seeks documents related to the planning and execution of the IRS search and seizure warrant of the Southeastern Provision plant on April 5, 2018 in Bean Station, Tennessee. These documents are also being sought via a Freedom of Information Act lawsuit against the IRS (*SPLC, et al. v. IRS*, No. 1:19-cv-02501 (D.D.C. filed Aug. 19, 2019)).

The subpoena is being served pursuant to Federal Rule of Civil Procedure 45 and the procedures set forth in 26 C.F.R. § 301.9000-1 – 301.9000-7. **Plaintiffs request the IRS comply with the subpoena within 15 days of receiving it.**

Please do not hesitate to contact us with any questions at the below telephone numbers and/or email addresses.

Sincerely,

s/ Meredith B. Stewart
Meredith B. Stewart
Southern Poverty Law Center
201 St. Charles Ave., Suite 2000
New Orleans, LA 70170
(504) 486-8982
meredith.stewart@splcenter.org

1

/s/ Araceli Martínez-Olguín
Araceli Martínez-Olguín
National Immigration Law Center
3450 Wilshire Blvd. #108 – 62
Los Angeles, CA 90010
(213) 797-7420
martinez-olguin@nilc.org

*Attorneys for Plaintiffs*

cc:
Kenny Saffles
Leah Mclanahan
Mary Ann Stackhouse
Lawrence F Giordano
Caitlyn Luedtke Elam

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Tennessee

| | |
|---|---|
| Isabel Zelaya, et al.<br>*Plaintiff*<br>v.<br>Robert Hammer, et al.<br>*Defendant* | ) ) ) ) ) ) )   Civil Action No. 3:19-cv-00062-PLR-HBG |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Internal Revenue Service, Office of the Chief Counsel, Michael J. Desmond, 1111 Constitution Ave. NW, Washington, D.C. 20224

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A to the Subpoena.

| Place: Attn: Carmen Martinez<br>P.O. Box 1287, Decatur, GA 30031-1287 | Date and Time:<br>12/20/2019 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/03/2019

*CLERK OF COURT*

OR  /s/ signature

*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs Izabel Zelaya, et al. , who issues or requests this subpoena, are:
Meredith Stewart, 201 St.Charles Ave, Suite 2000, New Orleans, LA 70170, 504-486-8982, meredith.stewart@splcenter.org

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:19-cv-00062-PLR-HBG

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A TO FORM AO88 - SUBPOENA IN A CIVIL CASE

In accordance with Fed. R. Civ. P. 45, you are commanded to produce and permit inspection of the following objects described below, at the place, date and time specified on the subpoena. Please email the objects to the following addresses by the date specified on the subpoena:

**Attn: Meredith Stewart**
meredith.stewart@splcenter.org
carmen.martinez@splcenter.org

You should produce all documents and things in your custody, possession or control, as well as those in the possession, custody or control of your employees, agents, companies, corporations, partners, attorneys and all others from whom you may reasonably obtain them. If the documents are electronically stored, all available versions of the documents should be produced on a compact disc in their native format(s) and without making any alterations or changes. For example, if the original document was created in Microsoft Word, please produce the Microsoft Word document by copying it to a disc without making any changes. If your responses will include electronically stored information, we ask that you or your attorney (if you are represented by one) contact Plaintiffs' counsel Meredith Stewart (504-486-8982) or Araceli Martínez-Olguín (213-797-7420) to discuss appropriate production of such electronically-stored information in accordance with the federal rules.

If you contend that any materials encompassed by this request are subject to privilege, you must comply with the requirements of Fed. R. Civ. P. 45(d) in responding to this subpoena.

## DEFINITIONS

1. The word "DOCUMENT" includes all "writings," "recordings," and "photographs," as those terms are defined in Federal Rule of Evidence 1001, and should be construed in the

1

broadest sense permissible. Accordingly, "document" includes, but is not limited to, all written, printed, recorded or graphic material, photographic matter, sound reproductions, or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnetically, optically or otherwise on hard drive, diskette, compact disk, primary or backup tape, audio tape, video tape, or DVD) from whatever source derived and however and by whomever prepared, produced, reproduced, disseminated, or made. Without limiting the generality of the foregoing, "document" includes the original and any non-identical copy and also every draft and proposed draft of all correspondence, internal memoranda, telegrams, telexes, facsimiles, electronic mail, reports, text messages, transcripts of telephone conversations, diaries, notebooks, minutes, notes, tests, reports, analyses, studies, testimony, speeches, worksheets, maps, charts, diagrams, computer printouts, online profiles, postings, messages (including, without limitation, tweets, replies, retweets, direct messages, status updates, wall comments, groups joined, activity streams, and blog entries), and other writings or materials of any nature whatsoever, whether or not divulged to other parties, together with any attachments thereto and enclosures therewith. In addition, the word "document" encompasses all forms and manifestations of electronically or optically coded, stored, and/or retrievable information, including but not limited to "e-mail," "voice mail," digital images and graphics, digital or analog audiotapes and files, digital or analog videotapes and files, and metadata. If documents (or to any part of them) are in electronic format, please produce the documents in their native electronic file format, without alteration of any kind. All e-mail (including any attachments) should be produced in a native and usable format, such as a .pst file.

2. With respect to a person, the word "IDENTIFY," or any version thereof, shall mean to specify the person's:

(1) Full name;

(2) Title;

(3) Agency/Department;

(3) All known telephone numbers; and

(4) All known addresses.

3. "IRS" refers to the Internal Revenue Service and all of its subcomponents.

4. "OFFICER AND/OR EMPLOYEE" refers to any individual, in his official capacity, employed by the IRS or acting on its behalf.

5. "SUPERVISOR" refers to any IRS OFFICER AND/OR EMPLOYEE with supervisory duties.

6. The singular includes the plural and vice versa; "any" or "each" should be understood to include and encompass "all"; "or" should be understood to include and encompass "and"; "and" should be understood to include and encompass "or"; and "any" should be understood to include and encompass "any" and "every."

7. The term "relating to," "relate to," or "related to" means all matters or things, which in any way discuss, support, are connected to, arise from, reflect, summarize, evaluate or comment on the subject in question.

8. The terms "and" as well as "or" shall be construed either disjunctively or conjunctively in order to bring within the scope of the specifications stated in a Request all responses that might otherwise be deemed outside the scope.

9. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, whenever necessary to bring into the scope of the specification all responses which might otherwise be construed outside the scope.

10. The use of any masculine or feminine pronoun includes both the masculine and feminine.

**YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects:**

a. All documents related to the planning and carrying out of the worksite operation conducted at Southeastern Provision LLC in Bean Station, Tennessee on April 5, 2018, including but not limited to:
    i. Enforcement Action Review Form (EARF);
    ii. Risk Assessment Guide;
    iii. Search Warrant Checklist;
    iv. Search Warrant Plan;
    v. Reports and any supplements to reports created by an employee of the IRS or shared with the IRS;

b. All communications between the IRS and any Tennessee state or local governmental agency or Tennessee state or local law enforcement agencies, including but not limited to the Tennessee Highway Patrol and the Morristown Police Department, related to the worksite enforcement operation conducted at Southeastern Provision LLC;

c. All communications between the IRS and the Department of Homeland Security or its component agencies (including Immigration and Customs Enforcement, Homeland Security Investigations, and Customs and Border Protection) related to the worksite enforcement operation conducted at Southeastern Provision LLC;

d. All communications, not concerning tax returns or tax return information, between the IRS and individuals associated with Southeastern Provision LLC, including managers, supervisors, employees and/or agents;

e. Copies of all photographs and/or recordings taken during the investigation or execution of the worksite enforcement operation conducted at Southeastern Provision LLC;

f. Copies of all administrative and/or criminal warrants issued and served on an agent of Southeastern Provision LLC related to the worksite enforcement operation, including but not limited to, In re the Search of: 1617 Helton Road, Bean Station, TN 37708 (E.D. Tenn. Apr. 2, 2018);

g. The identities of all IRS personnel involved in the planning of and/or physically present during the worksite enforcement operation at Southeastern Provision LLC, including, but not limited to:
    i. Full name;
    ii. Rank or official title; and
    iii. Office location.

4

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| ISABEL ZELAYA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT HAMMER, et al. <br><br> Defendants. | Civil Action No. 3:19-cv-00062-PLR-HBG <br><br><br> CLASS ACTION |

### DECLARATION OF MEREDITH B. STEWART IN SUPPORT OF THE SUBPOENA TO THE INTERNAL REVENUE SERVICE

I, Meredith Stewart, do declare and say the following:

1. My name is Meredith Stewart. I am over the age of 18 years and am competent to give this Declaration. I am a resident of New Orleans, Louisiana.

2. I work for the Southern Poverty Law Center, and I am one of the attorneys for the Plaintiffs in *Zelaya, et al. v. Hammer, et al.*, 3:19-cv-00062.

3. I submit this Declaration in support of Plaintiffs' subpoena to the Internal Revenue ("IRS") for records related to the identities, titles, and roles of the IRS agents who planned and executed the workplace raid that is the subject of this litigation in compliance with the Treasury Department regulations at 26 C.F.R. § 301.9000-1 – 301.9000-7.

4. The subpoena will be served on the IRS Chief Counsel in Washington D.C. in accordance with 26 C.F.R. § 301.9000-4. A copy of the subpoena was also sent via email to Counsel for Defendants.

## BACKGROUND ON THE PROCEEDINGS

5.  The Plaintiffs and the putative class members in *Zelaya, et al. v. Hammer, et al.*, 3:19-cv-00062 are individuals of Latino ethnicity or race who were working in the Southeastern Provision meatpacking plant ("Plant") on April 5, 2018 when dozens of officers from Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"), Enforcement and Removal Operations ("ERO"), Customs and Border Protections ("CBP"), and the Internal Revenue Service ("IRS") raided the Plant during the execution of an IRS search warrant for documents ("the Raid"). Plaintiffs allege that the officers' conduct during the Raid violated their rights under the Fourth and Fifth Amendments to the U.S. Constitution and the Federal Tort Claims Act. Plaintiffs also allege that the agents conspired to violate the Plaintiffs' and the class members' fundamental rights in the planning and the execution of the Raid.

6.  Plaintiffs, on behalf of themselves and the proposed class, filed the lawsuit on February 21, 2019 against named and unnamed officers from DHS, in their individual capacities, for damages and declaratory relief. Doc. 1.

7.  Shortly after filing the lawsuit, Plaintiffs engaged in efforts to ascertain the identities of the unnamed ICE agents (Doe Defendants 1-30), including filing a Motion for Expedited Discovery and serving a Subpoena on the U.S. Department of Homeland Security ("DHS") (Docs. 9, 10) and filing a lawsuit against DHS and ICE under the Freedom of Information Act ("FOIA") to compel the disclosure and release of documents requested in a December 7, 2018 FOIA Request, *see NILC v. DHS, et al.*, 1:19-cv-00866 (RC) (D.D.C. filed Mar. 26, 2019).

8.  By way of the FOIA lawsuit and the subpoena to DHS, Plaintiffs obtained several documents related to the identities of the officers who were present during the Raid. Those

11.     On August 19, 2019, the SPLC and the National Immigration Law Center ("NILC") filed a lawsuit against the IRS under the FOIA for injunctive relief to compel the disclosure and release of documents from the IRS requested in a May 7, 2019 FOIA request for information related to the Raid, including the identities of the IRS agents involved and the communications the IRS agents had with other federal and state agencies regarding the Raid. *See SPLC, et al. v. IRS*, No. 1:19-cv-02501 (D.D.C. filed Aug. 19, 2019). The IRS has not released any documents in response to the FOIA or the subsequent litigation.

## SUMMARY OF THE DOCUMENTS SOUGHT

12.     Plaintiffs serve this subpoena on the IRS Chief Counsel pursuant to 26 C.F.R. § 301.9000-4 and Federal Rule of Civil Procedure 45.

13.     Plaintiffs seek IRS documents related to the April 5 Raid that are listed in Exhibit A to the subpoena. These documents are relevant to the litigation because they detail the IRS's role in the planning and execution of the Raid and the identities of the IRS agents involved in the Raid, who Plaintiffs have alleged engaged in tortious conduct in the Raid's execution, including making and implementing the decision to detain and arrest only the Latino workers and using excessive force to execute some of those arrests.

14.     Plaintiffs do not believe complying with the subpoena will involve the production of a voluminous number of documents. Plaintiffs are requesting documents related to a single enforcement action that was executed in one day. Though Plaintiffs do not believe this narrow document request will overburden the agency, Plaintiffs remain willing to work with the IRS to minimize any potential burden this subpoena could cause.

15.     Plaintiffs do not seek "return information" as defined by 26 U.S.C. § 6103(b)(2). Specifically, Plaintiffs do not request information regarding income, payments, receipts,

deductions, assets, liabilities or any other matters within the definition of "return information." Rather, Plaintiffs seek information about the planning and execution of a workplace raid, including, but not limited to, the identities of IRS personnel involved in the planning and execution of the Raid and the communications that personnel had with other federal and state and local agencies about the Raid. To the extent, the information sought might reveal return information, the IRS can redact and/or segregate that information from the response.

16. Disclosure of the documents will not interfere with active law enforcement proceedings because the IRS's investigation and prosecution of its target – James Brantley – has concluded. James Brantley pled guilty on September 18, 2018[1] and was sentenced on July 31, 2019. *See United States v. Brantley*, No. 2:18-cr-118 (E.D. Tenn. filed Aug. 16, 2018).

17. The information sought would not reveal confidential information about the targets of any investigation or investigative techniques and procedures. Such information is already public because it is set forth in the Affidavit of Nicholas R. Worsham, a Special Agent with the Internal Revenue Service, which was publicly filed along with a Search and Seizure Warrant on April 6, 2018 in the United States District Court for the Eastern District of Tennessee. *See USA v. Search Warrant*, No. 2:18-mj-66-MCLC-1 (E.D. Tenn. Apr. 6, 2018).

18. Plaintiffs do not seek the identity of the IRS's confidential informant.

## OTHER CONSIDERATIONS

19. Disclosure of the document sought is permissible under Federal Rules of Civil Procedure 26, 34, and 45. The request is narrow and specific, and thus compliance with the subpoena will not unduly burden the agency.

---

[1] U.S. Attorney's Office for the Eastern District of Tennessee, Southeastern Provision Owner James Brantley Pleads Guilty to Federal Information, https://www.justice.gov/usao-edtn/pr/southeastern-provision-owner-james-brantley-pleads-guilty-federal-information.

5

20. The public interest will be served by disclosure given the pending litigation in federal court. The Court and the public will be served by having access to information, particularly because it will lift the veil on the IRS agents' identities, thereby narrowing the issues for the Court and conserving judicial resources.

21. Plaintiffs are willing to pay a reasonable retrieval and copying fee, if necessary, for the document.

22. Plaintiffs request the IRS respond to the subpoena within 15 days of receiving it. This timeframe is reasonable and will not unduly burden the agency. *See* 26 C.F.R. § 301.9000–5 (a)(8).

Pursuant to 20 U.S.C. § 1746, I declare under penalty of perjury that each statement that I have made above is true and correct.

Signed this 2 day of December 2019,

Meredith B. Stewart