# EXHIBIT E

**Plaintiffs' Re-served *Touhy* Subpoena
and Cover Letter
(January 6, 2020)**

 

January 6, 2020

IRS Office of the Chief Counsel:
Office of Procedures & Administration
Attn: Michael J. Desmond
1111 Constitution Ave. N.W.
Room 5503
Washington, D.C. 20224

**RE:** *Touhy* **Request/ Document Subpoena to IRS related to** *Zelaya, et al. v. Hammer, et al.*, **3:19-CV-00062 (E.D. Tenn.)**

Dear Counselor:

Enclosed please find a subpoena for documents being served upon the Internal Revenue Service  (IRS) on behalf of the Plaintiffs in the abovementioned matter. The subpoena seeks documents  related to the planning and execution of the IRS search and seizure warrant of the Southeastern  Provision plant on April 5, 2018 in Bean Station, Tennessee.  These documents are also being  sought via a Freedom of Information Act lawsuit against the IRS (*SPLC, et al. v. IRS*, No. 1:19-  cv-02501 (D.D.C. filed Aug. 19, 2019)).

The subpoena is being served pursuant to Federal Rule of Civil Procedure 45 and the procedures  set forth in 26 C.F.R. § 301.9000-1 – 301.9000-7. **Plaintiffs request the IRS comply with the subpoena within 15 business days of receiving it.** 26 C.F.R. § 301.9000-5(a)(8). This subpoena is also being served on the U.S. Attorney General and the U.S. Attorney for the Eastern District of Tennessee.  As neither Rule 45 nor the IRS Touhy regulations require service on these individuals, Plaintiffs are serving the subpoena on them this one time per the December 20, 2019 request of the U.S. Department of Justice. Plaintiffs reserve all rights and arguments with respect to service.

Please do not hesitate to contact us with any questions at the below telephone numbers and/or  email addresses.

Sincerely,

s/ Meredith B. Stewart
Meredith B. Stewart
Southern Poverty Law
Center
201 St. Charles Ave., Suite 2000

1

New Orleans, LA 70170
(504) 486-8982
meredith.stewart@splcenter.org

<u>s/ Araceli Martínez-Olguín</u>
Araceli Martínez-Olguín
National Immigration Law Center
3450 Wilshire Blvd. #108 – 62
Los Angeles, CA 90010
(213) 797-7420
martinez-olguin@nilc.org

*Attorneys for Plaintiffs*

cc:
Kenny Saffles
Leah Mclanahan
Mary Ann Stackhouse
Lawrence F Giordano
Caitlyn Luedtke Elam

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Tennessee

| | |
|---|---|
| Isabel Zelaya, et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| | ) |
| Robert Hammer, et al. | ) |
| *Defendant* | ) |

Civil Action No.   3:19-cv-00062-PLR-HBG

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Internal Revenue Service, Office of the Chief Counsel, Michael J. Desmond, 1111 Constitution Ave. NW,
Washington, D.C. 20224

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A to the Subpoena.

| Place: 1440 New York Avenue, N.W.<br>Washington, D.C. 20005<br>Attn:  Don Salzman and Art Bookout | Date and Time:<br>1/27/2020 12:00PM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   1/06/2020

| *CLERK OF COURT* | | |
|---|---|---|
| _____ | OR | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiffs
Izabel Zelaya, et al. _____ , who issues or requests this subpoena, are:

Meredith Stewart,201 St.Charles Ave,Suite 2000,New Orleans,LA 70170,504-486-8982,meredith.stewart@splcenter.org

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:19-cv-00062-PLR-HBG

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____              _____
                                                           *Server's signature*

                                                    _____
                                                           *Printed name and title*

                                                    _____
                                                           *Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | Reset |

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A TO FORM AO88 - SUBPOENA IN A CIVIL CASE

In accordance with Fed. R. Civ. P. 45, you are commanded to produce and permit inspection of the following objects described below, at the place, date and time specified on the subpoena. Please email the objects to the following addresses by the date specified on the subpoena:

**Attn: Meredith Stewart**
meredith.stewart@splcenter.org
carmen.martinez@splcenter.org

You should produce all documents and things in your custody, possession or control, as well as those in the possession, custody or control of your employees, agents, companies, corporations, partners, attorneys and all others from whom you may reasonably obtain them. If the documents are electronically stored, all available versions of the documents should be produced on a compact disc in their native format(s) and without making any alterations or changes. For example, if the original document was created in Microsoft Word, please produce the Microsoft Word document by copying it to a disc without making any changes. If your responses will include electronically stored information, we ask that you or your attorney (if you are represented by one) contact Plaintiffs' counsel Meredith Stewart (504-486-8982) or Araceli Martínez-Olguín (213-797-7420) to discuss appropriate production of such electronically-stored information in accordance with the federal rules.

If you contend that any materials encompassed by this request are subject to privilege, you must comply with the requirements of Fed. R. Civ. P. 45(d) in responding to this subpoena.

## DEFINITIONS

1.      The word "DOCUMENT" includes all "writings," "recordings," and "photographs," as those terms are defined in Federal Rule of Evidence 1001, and should be construed in the

1

broadest sense permissible.  Accordingly, "document" includes, but is not limited to, all written, printed, recorded or graphic material, photographic matter, sound reproductions, or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnetically, optically or otherwise on hard drive, diskette, compact disk, primary or backup tape, audio tape, video tape, or DVD) from whatever source derived and however and by whomever prepared, produced, reproduced, disseminated, or made.  Without limiting the generality of the foregoing, "document" includes the original and any non-identical copy and also every draft and proposed draft of all correspondence, internal memoranda, telegrams, telexes, facsimiles, electronic mail, reports, text messages, transcripts of telephone conversations, diaries, notebooks, minutes, notes, tests, reports, analyses, studies, testimony, speeches, worksheets, maps, charts, diagrams, computer printouts, online profiles, postings, messages (including, without limitation, tweets, replies, retweets, direct messages, status updates, wall comments, groups joined, activity streams, and blog entries), and other writings or materials of any nature whatsoever, whether or not divulged to other parties, together with any attachments thereto and enclosures therewith.  In addition, the word "document" encompasses all forms and manifestations of electronically or optically coded, stored, and/or retrievable information, including but not limited to "e-mail," "voice mail," digital images and graphics, digital or analog audiotapes and files, digital or analog videotapes and files, and metadata.  If documents (or to any part of them) are in electronic format, please produce the documents in their native electronic file format, without alteration of any kind. All e-mail (including any attachments) should be produced in a native and usable format, such as a .pst file.

2.      With respect to a person, the word "IDENTIFY," or any version thereof, shall mean to specify the person's:

(1) Full name;

(2) Title;

(3) Agency/Department;

(3) All known telephone numbers; and

(4) All known addresses.

3.      "IRS" refers to the Internal Revenue Service and all of its subcomponents.

4.      "OFFICER AND/OR EMPLOYEE" refers to any individual, in his official capacity;

employed by the IRS or acting on its behalf.

5.      "SUPERVISOR" refers to any IRS OFFICER AND/OR EMPLOYEE with supervisory

duties.

6.      The singular includes the plural and vice versa; "any" or "each" should be understood to

include and encompass "all"; "or" should be understood to include and encompass "and"; "and"

should be understood to include and encompass "or"; and "any" should be understood to include

and encompass "any" and "every."

7.      The term "relating to," "relate to," or "related to" means all matters or things, which in

any way discuss, support, are connected to, arise from, reflect, summarize, evaluate or comment

on the subject in question.

8.      The terms "and" as well as "or" shall be construed either disjunctively or conjunctively in

order to bring within the scope of the specifications stated in a Request all responses that might

otherwise be deemed outside the scope.

9.      The use of a verb in any tense shall be construed as the use of the verb in all other tenses,

whenever necessary to bring into the scope of the specification all responses which might

otherwise be construed outside the scope.

3

10.      The use of any masculine or feminine pronoun includes both the masculine and feminine.

**YOU ARE COMMANDED to produce and permit inspection and copying of the following**

**documents or objects:**

a.      All documents related to the planning and carrying out of the worksite operation
conducted at Southeastern Provision LLC in Bean Station, Tennessee on April 5, 2018,
including but not limited to:
        i. Enforcement Action Review Form (EARF);
        ii. Risk Assessment Guide;
        iii. Search Warrant Checklist;
        iv. Search Warrant Plan;
        v. Reports and any supplements to reports created by an employee of the IRS or
        shared with the IRS;

b.      All communications between the IRS and any Tennessee state or local governmental
agency or Tennessee state or local law enforcement agencies, including but not limited to
the Tennessee Highway Patrol and the Morristown Police Department, related to the
worksite enforcement operation conducted at Southeastern Provision LLC;

c.      All communications between the IRS and the Department of Homeland Security or its
component agencies (including Immigration and Customs Enforcement, Homeland
Security Investigations, and Customs and Border Protection) related to the worksite
enforcement operation conducted at Southeastern Provision LLC;

d.      All communications, not concerning tax returns or tax return information, between the
IRS and individuals associated with Southeastern Provision LLC, including managers,
supervisors, employees and/or agents;

e.      Copies of all photographs and/or recordings taken during the investigation or execution
of the worksite enforcement operation conducted at Southeastern Provision LLC;

f.      Copies of all administrative and/or criminal warrants issued and served on an agent of
Southeastern Provision LLC related to the worksite enforcement operation, including but
not limited to, In re the Search of: 1617 Helton Road, Bean Station, TN 37708 (E.D.
Tenn. Apr. 2, 2018);

g.      The identities of all IRS personnel involved in the planning of and/or physically present
during the worksite enforcement operation at Southeastern Provision LLC, including, but
not limited to:
        i. Full name;
        ii. Rank or official title; and
        iii. Office location.

4

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION**

|  |  |
|---|---|
| **ISABEL ZELAYA, et al.**,<br><br>                    Plaintiffs,<br><br>v.<br><br>**ROBERT HAMMER, et al.**<br><br>                    Defendants. | **Civil Action No. 3:19-cv-00062-PLR-HBG**<br><br><br><br>**CLASS ACTION** |

**DECLARATION OF MEREDITH B. STEWART IN SUPPORT OF THE SUBPOENA
TO THE INTERNAL REVENUE SERVICE**

I, Meredith Stewart, do declare and say the following:

1.      My name is Meredith Stewart.  I am over the age of 18 years and am competent to give this Declaration.  I am a resident of New Orleans, Louisiana.

2.      I work for the Southern Poverty Law Center, and I am one of the attorneys for the Plaintiffs in *Zelaya, et al. v. Hammer, et al.*, 3:19-cv-00062.

3.      I submit this Declaration in support of Plaintiffs' subpoena to the Internal Revenue ("IRS") for records related to the identities, titles, and roles of the IRS agents who planned and executed the workplace raid that is the subject of this litigation in compliance with the Treasury Department regulations at 26 C.F.R. § 301.9000-1 – 301.9000-7.

4.      The subpoena will be served on the IRS Chief Counsel in Washington D.C. in accordance with 26 C.F.R. § 301.9000-4.  A copy of the subpoena was also sent via email to Counsel for Defendants.

1

## BACKGROUND ON THE PROCEEDINGS

5.       The Plaintiffs and the putative class members in *Zelaya, et al. v. Hammer, et al.*,

3:19-cv-00062 are individuals of Latino ethnicity or race who were working in the Southeastern

Provision meatpacking plant ("Plant") on April 5, 2018 when dozens of officers from

Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"),

Enforcement and Removal Operations ("ERO"), Customs and Border Protections ("CBP"), and

the Internal Revenue Service ("IRS") raided the Plant during the execution of an IRS search

warrant for documents ("the Raid").  Plaintiffs allege that the officers' conduct during the Raid

violated their rights under the Fourth and Fifth Amendments to the U.S. Constitution and the

Federal Tort Claims Act.  Plaintiffs also allege that the agents conspired to violate the Plaintiffs'

and the class members' fundamental rights in the planning and the execution of the Raid.

6.       Plaintiffs, on behalf of themselves and the proposed class, filed the lawsuit on

February 21, 2019 against named and unnamed officers from DHS, in their individual capacities,

for damages and declaratory relief.  Doc. 1.

7.       Shortly after filing the lawsuit, Plaintiffs engaged in efforts to ascertain the

identities of the unnamed ICE agents (Doe Defendants 1-30), including filing a Motion for

Expedited Discovery and serving a Subpoena on the U.S. Department of Homeland Security

("DHS") (Docs. 9, 10) and filing a lawsuit against DHS and ICE under the Freedom of

Information Act ("FOIA") to compel the disclosure and release of documents requested in a

December 7, 2018 FOIA Request, *see NILC v. DHS*, *et al.*, 1:19-cv-00866 (RC) (D.D.C. filed

Mar. 26, 2019).

8.       By way of the FOIA lawsuit and the subpoena to DHS, Plaintiffs obtained several

documents related to the identities of the officers who were present during the Raid.  Those

2

documents also established that agents and officers from the IRS had a significant presence at the Raid.

    a.   On April 2, 2019, DHS/ICE produced a 10-page document that included the names and titles of the DHS officers involved in the raid, but the names and titles were redacted. *See* Redacted HSI Operation Plan, Doc. ID 2019-ICLI-00027 00001-000010, attached hereto as Exhibit A ("the April 2 List"). The Redacted HSI Operation Plan also indicated that **50 IRS agents** were present at the raid. Ex. A, at 5.

    b.   On May 3, 2019, DHS/ICE, in consultation with the IRS, produced a new, 13-page document that included, in redacted form, the names, agencies, and roles of the officers involved in the Raid. *See* May 3 Production, Doc. ID 2019-ICLI-00027 000011-000023, attached hereto as Exhibit B ("May 3 Production"). The May 3 Production indicates that approximately **61 IRS agents** were present during the Raid. Ex. B, at 00017-00018.

9.     On April 15, 2019, Plaintiffs were further made aware of the presence of numerous IRS agents at the Raid by counsel for the United States in its Motion to Quash in Part Plaintiffs' Subpoena to DHS, which stated that "approximately fifty agents from the Internal Revenue Service ("IRS") . . . were present and participated in the execution of the federal search warrant." Doc. 67, at 3.

10.     On August 13, 2019, Plaintiffs filed, with leave of Court, a Third Amended Complaint for the purpose of adding in claims under the Federal Tort Claims Act against the United States of America related to the tortious conduct of the DHS and IRS officers and agents involved in the raid. Doc. 315.

3

11.     On August 19, 2019, the SPLC and the National Immigration Law Center ("NILC") filed a lawsuit against the IRS under the FOIA for injunctive relief to compel the disclosure and release of documents from the IRS requested in a May 7, 2019 FOIA request for information related to the Raid, including the identities of the IRS agents involved and the communications the IRS agents had with other federal and state agencies regarding the Raid. *See SPLC, et al. v. IRS*, No. 1:19-cv-02501 (D.D.C. filed Aug. 19, 2019).  The IRS has not released any documents in response to the FOIA or the subsequent litigation.

## SUMMARY OF THE DOCUMENTS SOUGHT

12.     Plaintiffs serve this subpoena on the IRS Chief Counsel pursuant to 26 C.F.R. § 301.9000-4 and Federal Rule of Civil Procedure 45.

13.     Plaintiffs seek IRS documents related to the April 5 Raid that are listed in Exhibit A to the subpoena.  These documents are relevant to the litigation because they detail the IRS's role in the planning and execution of the Raid and the identities of the IRS agents involved in the Raid, who Plaintiffs have alleged engaged in tortious conduct in the Raid's execution, including making and implementing the decision to detain and arrest only the Latino workers and using excessive force to execute some of those arrests.

14.     Plaintiffs do not believe complying with the subpoena will involve the production of a voluminous number of documents.  Plaintiffs are requesting documents related to a single enforcement action that was executed in one day. Though Plaintiffs do not believe this narrow document request will overburden the agency, Plaintiffs remain willing to work with the IRS to minimize any potential burden this subpoena could cause.

15.     Plaintiffs do not seek "return information" as defined by 26 U.S.C. § 6103(b)(2). Specifically, Plaintiffs do not request information regarding income, payments, receipts,

4

deductions, assets, liabilities or any other matters within the definition of "return information."

Rather, Plaintiffs seek information about the planning and execution of a workplace raid,

including, but not limited to, the identities of IRS personnel involved in the planning and

execution of the Raid and the communications that personnel had with other federal and state

and local agencies about the Raid.  To the extent, the information sought might reveal return

information, the IRS can redact and/or segregate that information from the response.

16.     Disclosure of the documents will not interfere with active law enforcement

proceedings because the IRS's investigation and prosecution of its target – James Brantley – has

concluded.  James Brantley pled guilty on September 18, 2018[1] and was sentenced on July 31,

2019.  *See United States v. Brantley*, No. 2:18-cr-118 (E.D. Tenn. filed Aug. 16, 2018).

17.     The information sought would not reveal confidential information about the

targets of any investigation or investigative techniques and procedures.  Such information is

already public because it is set forth in the Affidavit of Nicholas R. Worsham, a Special Agent

with the Internal Revenue Service, which was publicly filed along with a Search and Seizure

Warrant on April 6, 2018 in the United States District Court for the Eastern District of

Tennessee.  *See USA v. Search Warrant*, No. 2:18-mj-66-MCLC-1 (E.D. Tenn. Apr. 6, 2018).

18.     Plaintiffs do not seek the identity of the IRS's confidential informant.

**OTHER CONSIDERATIONS**

19.     Disclosure of the document sought is permissible under Federal Rules of Civil

Procedure 26, 34, and 45.  The request is narrow and specific, and thus compliance with the

subpoena will not unduly burden the agency.

---

[1] U.S. Attorney's Office for the Eastern District of Tennessee, Southeastern Provision Owner
James Brantley Pleads Guilty to Federal Information, https://www.justice.gov/usao-
edtn/pr/southeastern-provision-owner-james-brantley-pleads-guilty-federal-information.

5

20.     The public interest will be served by disclosure given the pending litigation in federal court.  The Court and the public will be served by having access to information, particularly because it will lift the veil on the IRS agents' identities, thereby narrowing the issues for the Court and conserving judicial resources.

21.     Plaintiffs are willing to pay a reasonable retrieval and copying fee, if necessary, for the document.

22.     Plaintiffs request the IRS respond to the subpoena within 15 days of receiving it. This timeframe is reasonable and will not unduly burden the agency.  *See* 26 C.F.R. § 301.9000– 5 (a)(8).

Pursuant to 20 U.S.C. § 1746, I declare under penalty of perjury that each statement that I have made above is true and correct.

Signed this 2 day of December 2019,

_____

Meredith B. Stewart

# EXHIBIT

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



U.S. Immigration
and Customs
Enforcement

April 2, 2019

Melissa Keaney
NATIONAL IMMIGRATION LAW CENTER
3450 Wilshire Boulevard
#108-62
Los Angeles, CA 90010

**RE:** **NATIONAL IMMIGRATION LAW CENTER v ICE; 19-cv-00866**
**ICE FOIA Case Number 2019-ICLI-00027, 2019-ICFO-32230**
**First Interim Letter**

Dear Ms. Keaney:

This letter is the first interim response to your Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated December 7, 2018.  You have requested "the identities of all ICE, HSI, or other Department of Homeland Security personnel physically present during a worksite enforcement raid at Southeastern Provision located at 1617 Helton Road, Bean Station, Tennessee, to include the full name, rank or official title, and office locations."

ICE has considered your request under the FOIA, 5 U.S.C. § 552.

A search of the Office of Homeland Security Investigations (HSI) located records that were potentially responsive to your request. For this production ICE reviewed 10 pages of potentially responsive records. Portions of these documents will be withheld pursuant to Exemptions of the FOIA as described below. These documents have been Bates numbered 2019-ICLI-00027 1 through 2019-ICLI-00027 10.

ICE has applied FOIA Exemptions (b)(6), (b)(7)(C), and (b)(7)(E) to portions of the pages produced as described below.

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy.  This requires a balancing of the public's right to disclosure against the individual's right to privacy.  The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information.  Any private interest you may have in that information does not factor into the aforementioned balancing test.

**www.ice.gov**

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of personal privacy.  This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity.  That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation.  Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate.

ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency law enforcement case numbers contained within the document, internal codes used to identify folders in an internal ICE task management system, law enforcement database category codes, and law enforcement techniques.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. The disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.

If you have any questions about this letter, please contact Assistant United States Attorney Diana V. Valdivia at (202) 252-2545.

Sincerely,

*Toni Fuentes for*

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure(s):   10 page(s)




DEPARTMENT OF HOMELAND SECURITY
**HOMELAND SECURITY INVESTIGATIONS**
ENFORCEMENT OPERATION PLAN

03/19/2018 13:51 EDT      OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE      Page 1 of 10

# Southeastern Provision LLC

| **HSI Office** | **Case Number** | **Case Agent(s)** |
|---|---|---|
| KI - Knoxville, TN | (b) (7)(E) | (b) (6), (b) (7)(C)<br>(b) (6), (b) - (7)(C) (6) |

| **HSI Supervisor** | **Team Lead** | **AUSA / Prosecutor** |
|---|---|---|
| (b) (6), (b) <br><br>(b) (6), (b) @ice.dhs.gov | (b) (6), (b) (7)(C)<br><br>(b) (6), (b) (7)(C) ice.dhs.gov | Meghan Gomez<br>850-559-1583 |

| | **Location:** | **Address:** | **Date/Time:** |
|---|---|---|---|
| **Briefing** | (b) (7)(E), (b) (6), | (b) (6), (b) (7)(C) | Apr 4, 2018 5:00 PM |
| **Staging** | (b) (6), (b) (7)(C), (b) (7) | (b) (6), (b) (7)(C) | Apr 5, 2018 8:00 AM |
| **Execution** | Southeastern Provision | 1617 Helton Road, Bean Station, TN 37708 | Apr 5, 2018 9:00 AM |

| **Type of Operation** | **Violations / Charges** | **Contraband Description** |
|---|---|---|
| SW - Search Warrant | - 18USC1341<br>- 18USC1343<br>- 26USC7201<br>- 26USC7206<br>- 8USC1324(A)(1)(A)(III)**<br>- 8USC1326(A) | |

**Premises:**   Business
Industrial warehouse complex with outbuildings.

**Operational Objectives**

Service of Federal Search Warrant and a Notice of Inspection for Forms I-9. Interview/identify suspected illegal employees and hiring officials. Assist IRS-CID with search of premises.

Administrative arrests will be processed for removal and a determination on detention will be made pursuant to current detention priority guidelines.  Those aliens being federally prosecuted will be turned over to the U.S. Marshals Service for additional judicial proceedings. Those aliens being prosecuted for state charges will be turned over to the Grainger County Sheriff's Office for additional judicial proceedings.

# Personnel Assignments

| Name | Call Sign | Vehicle Description | Assignment(s) | Report Assignment(s) | Notes |
|---|---|---|---|---|---|
| (b)(6), (b)(7)(C) | (b)(7) | Chevrolet Silverado | - (b)(7)(E)<br>- Other | | |
| (b)(6), (b)(7)(C) | (b)(7) | Ford Explorer | - (b)(7)(E)<br>- Other | | |
| (b)(6), (b)(7)(C) | (b)(7)(E) | | - (b)(7)(E) | - EAGLE Booking | |
| (b)(6), (b)(7)(C) | (b)(7)(E) | | - (b)(7)(E) | - EAGLE Booking | |
| (b)(6), (b)(7)(C) | (b)(7)(E) | | - (b)(7)(E) | - EAGLE Booking | |
| (b)(6), (b)(7)(C) | (b)(7)(E) | | - (b)(7)(E) | - EAGLE Booking | |
| (b)(6), (b)(7)(C) | | | - (b)(7)(E) | - EAGLE Booking | |
| (b)(6), (b)(7)(C) | (b)(7) | GMC Acadia | - (b)(7)(E) | - Report of Investigation (ROI) | Interviews |
| (b)(6), (b)(7)(C) | | | - (b)(7)(E) | - EAGLE Booking | |
| (b)(6), (b)(7)(C) | | | - (b)(7)(E) | - EAGLE Booking | |
| (b)(6), (b)(7)(C) | | | - (b)(7)(E) | - EAGLE Booking | |
| (b)(6), (b)(7)(C) | | | - (b)(7)(E) | - EAGLE Booking | |
| (b)(6), (b)(7)(C) | | | - (b)(7)(E) | | |

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

2019-ICLI-00027  000002

03/19/2018 13:51 EDT

## Personnel Assignments

| Name | Call Sign | Vehicle Description | Assignment(s) | Report Assignment(s) | Notes |
|---|---|---|---|---|---|
| (b)(7)(C), (b) | | | - (b)(7)(E) | | |
| (b)(7)(C), (b) | | | - (b)(7)(E) | | |
| (b), (b)(C) | | | - (b)(7)(E) | | |
| (b), (b)(C) | | | - (b)(7)(E) | | |
| (b), (b)(C) | (b)... | | - (b)(7)(E) | | |
| (b), (b)(C) | (b)... | | - (b)(7)(E) | | |
| (b), (b)(C) | (b)(7) | Jeep Cherokee | - (b)(7)(E) | - SEACATS SAS | Interviews |
| (b), (b)(7) | | | - (b)(7)(E) | | |
| (b), (b)(C) | (b)(7)(E) | | | | |
| (b), (b)(7) | | | - (b)(7)(E) | | |
| (b), (b)(C) | | Dodge Charger | - Supervisor | | Site Supervisor |
| (b), (b)(7)(C) | | | - (b)(7)(E) | | |
| (b), (b)(C) | | | - (b)(7)(E) | | |

# Personnel Assignments

| Name | Call Sign | Vehicle Description | Assignment(s) | Report Assignment(s) | Notes |
|------|-----------|---------------------|---------------|----------------------|-------|
| (b)(6), (b)(7) | (b)(7)(E) | | - (b)(7)(E) | | |
| (b)(6), (b) (C) | (b)(7) | | - (b)(7)(E) | | |
| (b)(6), (b)(7)(C) | (b)(7) | | - (b)(7)(E) | | |
| (b)(6), (b) (C) | (b)(7) | | - (b)(7)(E) | | |
| (b)(6), (b) (C) | (b)(7) | | - (b)(7)(E) | | |
| (b)(6), (b)(7) (C) | | | - (b)(7)(E) | | |
| ERO DO | | | - (b)(7)(E) | - EAGLE Booking | |
| (b)(6), (b)(7) ERO DO | | | - (b)(7)(E) | - EAGLE Booking | |
| (b)(6), (b)(7)(C) ERO DO | | | - (b)(7)(E) | - EAGLE Booking | |
| (b)(6), (b)(7)(C) ERO | | | - (b)(7)(E) | - EAGLE Booking | |
| (b)(6), (b)(7)(C) ERO DO | | | - (b)(7)(E) | - EAGLE Booking | |
| Border Patrol Agent | | | - (b)(7)(E) | - EAGLE Booking | |
| (b)(6), (b)(7) (C) | | | - Supervisor | | Operation Supervisor |
| Chief (b)(6), (b) CBP | | | - Supervisor | | |
| (b)(6), (b)(7) CBP Officer | | | - (b)(7)(E) | | |

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

2019-ICLI-00027   000004

03/19/2018 13:51 EDT

## Personnel Assignments

| Name | Call Sign | Vehicle Description | Assignment(s) | Report Assignment(s) | Notes |
|------|-----------|---------------------|---------------|----------------------|-------|
| (b), (b), CBP Officer | | | - (b)(7)(E) | | |
| (b), (b), (b), CBP Officer | | | - (b)(7)(E) | | |
| CBP Strike Team | | | - (b)(7)(E) | | |
| SRT | | | - (b)(7)(E) | | |
| (b), (b), THP | | | - Supervisor | | |
| Sgt. (b), (b), (b), THP | | | - (b)(7)(E) - Interview | | |
| Sgt. (b), (b), (b) THP | | | - (b)(7)(E) - Interview | | |
| Trooper (b), (b), (b) (7) | | | - (b)(7)(E) - Interview | | |
| (b), (b), (b)(C) | | | - Supervisor | | Site Supervisor |
| Trooper (b), (b), (b) (7) THP | | | - (b)(7)(E) - Interview | | |
| (b), (b), (b) | | | - | - EAGLE Booking | |
| (b), (b), (b) | | | - (b)(7)(E) | - EAGLE Booking | |
| (b), (b), (b) | | | - (b)(7)(E) | - EAGLE Booking | |
| (b), (b), (b)(7) | | | - (b)(7)(E) | - EAGLE Booking | |
| IRS-CID 50 Agents | | | | | |
| (b), (b), CBP Officer | | | | | |

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

2019-ICLI-00027  000005

03/19/2018 13:51 EDT

## Personnel Assignments

| Name | Call Sign | Vehicle Description | Assignment(s) | Report Assignment(s) | Notes |
|---|---|---|---|---|---|
| (b)(6), CBP Port Director | | | - Supervisor | | |
| (b)(6), (b)(7) CBP Port Director | | | | | |
| (b)(6), THP | | | - (b)(7)(E) | | |
| (b)(6), THP | | | (b)(7)(E) | | |
| (b)(6), (b) (7)(C) | | | - Supervisor | | ERO Supervisor |
| (b)(6), (b) THP | | | (b)(7)(E) | | |
| (b)(6), (b) THP | | | (b)(7)(E) | | |
| (b)(6), (b) (7) | (b) | | - Supervisor | | ERO Supervisor |
| (b)(6), (b) (C) | (b)(7)(E) | Chevrolet Trailblazer | - (b)(7)(E) - Other | | |
| (b)(6), (b) (C) | (b)(7)(E) | Ford Explorer | (b)(7)(E) - Other | | |
| (b)(6), (b)(7) (C) | | | - Public Affairs Officer | | |

OFFICIAL USE ONLY | LAW ENFORCEMENT SENSITIVE

2019-ICLI-00027  000006

03/19/2018 13:51 EDT

# Operation Information

| | |
|---|---|
| **Brief Summary of Investigation** | (b) (7)(E) |
| **Violations / Charges** | 18USC1341 - FRAUDS AND SWINDLES |
| **Violations / Charges** | 18USC1343 - FRAUD BY WIRE, RADIO OR TELEVISION |
| **Violations / Charges** | 26USC7201 - ATTEMPT TO EVADE OR DEFEAT TAX |
| **Violations / Charges** | 26USC7206 - FRAUD AND FALSE STATEMENTS |
| **Violations / Charges** | 8USC1324(A)(1)(A)(III)** - HARBORING ALIENS |
| **Violations / Charges** | 8USC1326(A) - RE-ENTRY AFTER DEPORTATION |

# Deconfliction

| | |
|---|---|
| **High Risk Operation?** | No |
| **Title 21 Investigation?** | No |
| **Operation Deconflicted?** | Yes |
| **Methods of Deconfliction** | (b) (7)(E) |
| **Operation Has Conflicts?** | No |
| **Local Law Enforcement Notified?** | Yes |
| **Notified Local Law Enforcement Information** | |
|     Agency Or Department | Tennessee Highway Patrol-CID |
|     Contact Name | Capt. (b) (6), (b) (7)(C) |
| **Undercover Operatives?** | No |

# Communications & Safety

| | |
|---|---|
| **Nearest Trauma Center** | |
|     Trauma Center Name | UT Medical Center |
|     Address | 1924 Alcoa Highway, Knoxville, TN 37920 |
|     Phone | 8653059000 |
| **Nearest Hospital** | |
|     Hospital Name | Morristown Hamblen Medical Center |
|     Address | 908 W 4th North Street, Morristown, TN 37814 |
|     Phone | 4234929000 |

| Potential Hazards | WP - Weapons |
|---|---|
| Hazard or Safety Notes | It is anticipated that employees will be in possession of knives, saws, and other cutting tools. |
| **Radio** | |
| Primary Radio | (b) |
| Secondary Radio | (b) (7) |
| **Sector Contact Number** | 8009732867 |
| **Command Center** | |
| Command Center Name | (b) (7)(E) |

# Other Considerations

| Equipment Required | (b) (7)(E) |
|---|---|
| **Attire** | |
| Type | TD - Tactical Dress |
| **Prisoner Processing Location** | |
| Location Name | Army National Guard |
| Address | 5255 E Andrew Johnson Highway, Morristown, TN 37860 |
| **Air Support?** | Yes |
| **Air Support Information** | |
| Call Sign | (b) (7)(E) |
| Type Of Aircraft | (b) (7)(E) |
| **Air Support Information** | |
| Call Sign | (b) (7)(E) |
| Type Of Aircraft | (b) (7) |
| **Seized Property Specialist Participating?** | No |
| **Foreign Language Required?** | Yes |
| **Language(s)** | SPA - Spanish |
| **How will Language needs be met?** | HSI/ERO and IRS Spanish speaking personnel. |
| **Computer Forensics Agent Needed?** | No |
| **Technical Enforcement Officer Needed?** | No |
| **Victim/Witness Assistance Needed?** | No |
| **Potential Media Attention?** | Yes |
| **Public Affairs Officer** | |
| Name | (b) (7)(C), (b) |
| Phone | (b) (6), (b) |

# SOUTHEASTERN PROVISION LLC

| No Mugshot Avalible | **SOUTHEASTERN PROVISION LLC** | |
| --- | --- | --- |
| | Doing Business As | |
| | **Address(es)**<br>1617 Helton Road, Bean Station, TN - TENNESSEE 37708 US - UNITED STATES | **Organization Id** |
| | | **Vehicle Descriptions** |
| | **History of Violence** | **Criminal History** |

**Remarks**

Cattle Slaughterhouse. Knives and cutting tools are expected to be present and in the possession of multiple subjects.

2019-ICLI-00027  000009

# Operation Approval History

| | |
|---|---|
| **First-Line Approval** | (b) (6), (b) <br> 1033 - RESIDENT AGENT IN CHARGE <br> March 19, 2018 17:48:34.404 +00:00 |
| **Second-Line Approval** | (b) (6), (b) (7) <br> 1002 - ASSISTANT SPECIAL AGENT IN CHARGE <br> March 19, 2018 17:51:06.815 +00:00 |

2019-ICLI-00027  000010

# EXHIBIT B

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



May 3, 2019

Melissa Keaney
NATIONAL IMMIGRATION LAW CENTER
3450 Wilshire Boulevard
#108-62
Los Angeles, CA 90010

**RE:    NATIONAL IMMIGRATION LAW CENTER v ICE; 19-cv-00866
        ICE FOIA Case Number 2019-ICLI-00027, 2019-ICFO-32230
        Second Interim Release**

Dear Ms. Keaney:

This letter is the second interim response to your Freedom of Information Act (FOIA) request to
U.S. Immigration and Customs Enforcement (ICE), dated December 7, 2018.  You have
requested "the identities of all ICE, HSI, or other Department of Homeland Security personnel
physically present during a worksite enforcement raid at Southeastern Provision located at 1617
Helton Road, Bean Station, Tennessee, to include the full name, rank or official title, and office
locations."

ICE has considered your request under the FOIA, 5 U.S.C. § 552.

A search of the Office of Homeland Security Investigations (HSI) located records that were
potentially responsive to your request. For this production ICE reviewed 13 pages of potentially
responsive records. Portions of these documents will be withheld pursuant to Exemptions of the
FOIA as described below. These documents have been Bates numbered 2019-ICLI-00027 12
through 2019-ICLI-00027 23.

ICE has applied FOIA Exemptions (b)(5), (b)(6), (b)(7)(C), and (b)(7)(E) to portions of the
pages produced as described below.

ICE has applied FOIA Exemption 5 to protect from disclosure intra-agency documents that
contain the recommendations, opinions, and conclusions of agency employees, and portions of
the responsive documents which qualify for protection under the deliberative process privilege,
the attorney-client privilege, and the attorney work-product privilege.

**www.ice.gov**

**FOIA Exemption 5** protects inter-agency or intra-agency memorandums or letters which not be available by law to a party other than an agency in litigation with the agency. The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters. The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information among agency personnel. The attorney work-product privilege protects documents and other memoranda prepared by an attorney in contemplation of litigation. The attorney-client privilege protects confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice. It applies to facts divulged by a client to his attorney, and encompasses any opinions given by an attorney to his client based upon, and thus reflecting, those facts, as well as communications between attorneys that reflect client-supplied information. The attorney-client privilege is not limited to the context of litigation.

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy.  This requires a balancing of the public's right to disclosure against the individual's right to privacy.  The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information.  Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of personal privacy.  This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity.  That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation.  Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate.

ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency law enforcement case numbers contained within the document, internal codes used to identify folders in an internal ICE task management system, law enforcement database category codes, and law enforcement techniques.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. The disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.

Page **3** of **3**

If you have any questions about this letter, please contact Assistant United States Attorney Diana V. Valdivia at (202) 252-2545.

Sincerely,

*Toni Fuentes for*

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure(s):   13 page(s)

# Southeastern Provisions Search Warrant Personnel



**Case Agents**

(b) (6), (b) (7)(C)

IRS
HSI
THP
(b) (6), (b) (7)(C)

**On-site Management**

SSA (b) (6), (b) (7)(C) — IRS
ASAC (b) (6), (b) (7)(C) — IRS
Acting SAC (b)(6), (b)(7)(C) — IRS
LT. (b) (6), (b) (7) — THP
CAPT. (b) (6), (b) (7) — MPD
(b) (6), (b) (7)(C)

**Perimeter**

Perimeter Team A (b) (7)(E)
The team leader is (b) (6), (b) (7)(C)

Perimeter Team B (South) (b) (7)(E)
The team leader is (b) (6), (b) (7)(C)

**Public Information Officer**

(b) (6), (b) (7)(C)

(A)SAC (b) (6), (b) (7)(C) — HSI
ASAC (b) (6), (b) (7)(C) — HSI
RAC (b) (6), (b) (7)(C) — HSI
GS (b) (6), (b) (7)(C) — HSI
(b) (6) (b) (7)(C) — HSI
SDDO (b) (6), (b) (7)(C) — ERO
SDDO — ERO

(b) (6), (b) (7)(C)

IRS
IRS
HSI

2019-ICLI-00027   000011



2019-ICLI-00027  000012



2019-ICLI-00027  000013



2019-ICLI-00027   000014



2019-ICLI-00027  000015

## ICE Agents and Officers

| Name | Role | Office – Notes |
|------|------|----------------|
| (b) (7)(C), (b) (6), (b) (5), (b) (7)(E) | | |
| (b) (7)(C), (b) (6), (b) (5), (b) (7)(E) | | |

**Commented** (b) (b) (7)(C), (b) (6), (b) (b) (7)(C), (b) (6)

**Commented** (b) (7)(C), (b) (6), (b)

2019-ICLI-00027  000016



(b) (7)(C), (b) (6), (b) (5), (b) (7)(E)

Commented (b) (7)(C), (b) (6), (b) (5)
(b) (7)(C),

Commented
(b) (7)(C),

Commented
(b) (7)(C),

(b) (7)(C), (b) (6), (b) (5)

## CBP

| | Name | Role/Notes |
|---|---|---|
| (b) (7)(C), (b) (6), (b) (5), (b) (7)(E) | | |

## IRS-CID

| | Name | Role/ Notes |
|---|---|---|
| (b) (7)(C), (b) (6), (b) (5), (b) (7)(E) | | |

2019-ICLI-00027  000017



(b) (6), (b) (5), (b) (7)(C), (b) (7)(E)

| | |
|---|---|
| 63 | (b) (6), (b) (7)(C), (b) (7)(E), (b) (5) |
| 64 | |
| 65 | |
| 66 | |
| 67 | |
| 68 | |
| 69 | |

## THP/Morristown PD

| | Name | Role/Notes |
|---|---|---|
| 1 | (b) (5), (b) (6), (b) (7)(C), (b) (7)(E) | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |

North – Perimeter A team – (b) (7)(E), (b) (5)

South – Perimeter B team –

***ATTORNEY WORK PRODUCT***

## ICE Agents and Officers



# ***ATTORNEY WORK PRODUCT***

(b) (7)(C), (b) (6), (b) (5), (b) (7)(E)

| 50 | | | |
| 51 | | | |
| 52 | | | |
| 53 | | | |

**Commented** (b) (7)(C), (b) (6), (b) (5)
(b) (7)(C), (b) (6), (b)
(5)  (b)
(b) (7)(C), (b)
**Commented** (b)
(b) (7)(C), (b) (6),

(b) (7)(C), (b) (6), (b) (5)

## CBP

| | Name | Role/Notes |
|---|------|------------|
| (b) (7)(C), (b) (6), (b) (5), (b) (7)(E) | | |

## IRS-CID

| | Name | Role/ Notes |
|---|------|-------------|
| (b) (7)(C), (b) (6), (b) (5), (b) (7)(E) | | |



2019-ICLI-00027  000021

***ATTORNEY WORK PRODUCT***

(b) (6), (b) (5), (b) (7)(C), (b) (7)(E)

2019-ICLI-00027  000022

# ***ATTORNEY WORK PRODUCT***

| | | |
|---|---|---|
| 62 | (b) (6), (b) (7)(C), (b) (5), (b) (7)(E) | |
| 63 | | |
| 64 | | |
| 65 | | |
| 66 | | |
| 67 | | |
| 68 | | |
| 69 | | |

## THP/Morristown PD

| | Name | Role/Notes | |
|---|---|---|---|
| 1 | (b) (6), (b) (7)(C), (b) (5), (b) (7)(E) | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |

North – Perimeter A team – (b) (7)(E), (b) (5)

South – Perimeter B team –

2019-ICLI-00027  000023