# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| ISABEL ZELAYA, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civil Action No. 3:19-cv-00062 TRM-CHS |
| ROBERT HAMMER, et al., | ) ) ) |
| Defendants. | ) |

## DEFENDANTS' BRIEF IN SUPPORT OF
## PLAINTIFFS' MOTION FOR LEAVE TO FILE UNDER SEAL

Pursuant to Federal Rules of Civil Procedure 5.2, 26, Local Rule 26.2, and this Court's Standing Order governing Sealing Confidential Information (Doc. 15), the DHS Non-Planner Defendants[1], and Defendant John Witsell (collectively referred to as "These Defendants"), through undersigned counsel, respectfully submit the following Brief in Support of Plaintiffs' Motion to File Documents Under Seal [Doc. 676]. In their Motion [Doc. 676], "Plaintiffs respectfully request that the Court permit the filing under seal of the Reply Brief and its exhibits under Local Rule 26.2, with redacted versions (if any) to follow once any confidentiality disputes are resolved." [Doc. 676, PageID #: 9807.] For the reasons explained below, Plaintiffs' Motion to File Under Seal is well-taken and should be granted. The Court should allow sensitive and confidential statements and exhibits to remain under seal.

---

[1] The "DHS Non-Planner Defendants" are Francisco J. Ayala, Jeff Bednar, Glen E. Blache, Deni Bukvic, Christopher R. Cannon, Clint A. Cantrell, Kashif Chowhan, Paul Criswell, Blake Diamond, Wayne C. Dickey, Brenda Dickson, Michelle Evans, Theodore Francisco, Matthew Tyler Grooms, Keith A. Hale, John L. Heishman, Jonathan Hendrix, Waylon R. Hinkle, Shannon N. Hope, Ryan Hubbard, Jeffrey P. Klinko, Steven C. Ledgerwood, James K. Liles, David G. Lodge, Troy R. McCarter, Joshua D. McCready, Anthony J. Martin, Jason E. Miller, Matthew Moon, George David Nalley, Aunrae A. Navarre, Tommy C. Pannell, Jerrol Scott Partin, David Vicente Pena, Michael Perez, Billy G. Riggins, Jeffrey A. Schroder, Bobby R. Smith, Ricky D. Smith, Connie Stephens, Ricky Thornburgh, Robert Whited, Austin J. Williams, (hereafter "The DHS Non-Planner Defendants").

These Defendants support filing one paragraph of Plaintiffs' Reply Brief and one certain exhibit under seal. Specifically, these Defendants request that the Court order that:

(1) The second paragraph beginning on page 1 and continuing on page 2 of Plaintiffs' Reply Brief in Support of Motion for Class Certification be redacted; and

(2) Exhibit 1 be filed under seal.

## **ARGUMENT**

Plaintiffs have filed their Reply Brief in support of their motion for class certification together with 16 exhibits. [Doc. 676.] As Exhibit 1 to their Reply Brief, Plaintiffs attached a compilation of videos which Plaintiffs pieced together. Plaintiffs describe the video on page 1 of Plaintiffs' Reply Brief.[2] The video attached as Exhibit 1 and the Plaintiffs' description of it is intentionally inflammatory and provocative. And importantly, it is not relevant to Plaintiffs' § 1985 conspiracy claims. Moreover, Plaintiffs' description of the agent's actions are not supported, and in fact disputed, by other agents who were asked about the video.

It is not a coincidence that Plaintiffs' reference this unrepresentative video appears as Exhibit 1 on page 1 of their Reply Brief. The video and Plaintiffs' description of it are intended to inflame an emotional response that is totally unrelated to the issues to be decided for class certification. Given the inflammatory nature of Exhibit 1 and the fact it is not relevant to the class certification analysis, Exhibit 1 should be sealed and the Plaintiffs' disputed description of what it shows should be redacted. Filing the video and Plaintiffs' inflammatory remarks in the public

---

[2] Ironically, Plaintiffs accuse Defendants of "cherry-pick[ing] a few very short clips" "out of over 15 hours of surveillance and bodycam footage" "to support their arguments." [Doc. 676, p 1.] Plaintiff is correct that Defendants did not submit "over 15 hours of surveillance and bodycam footage" as an exhibit to their brief. Instead, Defendants submitted portions of the video they deemed relevant. Similarly, Plaintiffs did not submit over 15 hours of surveillance and bodycam footage. Like Defendants, Plaintiffs filed with the court only the few snippets that support their arguments. And the snippets that Plaintiffs did attach to their brief are not at all representative of what is shown in the remaining "over 15 hours" of video.

record has the potential to prejudice potential jurors, provoke retaliation, and place the agents -- *who Plaintiffs identify by name* -- at personal risk. Publicizing the video and Plaintiffs' disputed and inflammatory description of it has the potential to subject the individually-named officers to violence or threats of violence in an already tense environment.

These Defendants acknowledge the presumption of openness in judicial proceedings. *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). Under Rule 26(c), however, for good cause shown, a court may issue an Order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Local Rule 26.2(b); *Easterly v. Thomas*, No. 3:20-cv-00065, 2021 WL 4447633, at *1 (E.D. Tenn. Sept. 28, 2021) (observing court's preference for redaction over "wholesale sealing" and citing *Phibbs v. Rev. Recovery Corp.*, No. 3:16-cv-156-TWP- HBG, 2017 WL 10439789, at *1 (E.D. Tenn. May 8, 2017)). Under factors set forth in *Shane Group*, a party may establish good cause by demonstrating: (1) why the interests in nondisclosure are compelling; (2) why the interests supporting open access to the information are less so; and (3) that the seal itself is no broader than necessary. *Shane Group*, 825 F.3d at 306; *see also Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593-94 (6th Cir. 2016). The decision to grant a Protective Order is entrusted to the Court's discretion. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).

In this situation, the interests of nondisclosure are compelling and necessary to protect the personal safety of the individual federal agents who are identified by name and accused of engaging in conduct that Plaintiffs describe in a provocative manner that appears intended to analogize it to other national events that sparked destructive protests and physical violence against law enforcement. The duties performed by DHS agents are dangerous enough without being

3

subjected to provocative statements, that intentionally or unintentionally, invite condemnation and potential retaliation. Furthermore, the Constitution guarantees civil litigants a right to an impartial jury. *Warger v. Shauers*, 135 S. Ct. 521, 528 (2014). Should the video at issue be made part of the Court's public record, it has the potential to not only be made public, but also be publicized. Media coverage increases the potential for information to be taken out of context and improperly impact a jury's decision and taint the jury pool. Until it is determined that this video is admissible at trial, it should not be part of the public record. Notably, the worker depicted in the video did not file a grievance, nor an FTCA administrative claim, nor an excessive force claim in this lawsuit, nor an FTCA claim in this lawsuit. Indeed, the worker is not a named plaintiff. This event is not described or relied on in any of four complaints and amended complaints filed by Plaintiffs in this action.

The interests supporting open access are less compelling. First, the public right to access is less compelling because the parties are not asking the Court to rule on the merits of the case. *See In re Ohio Execution Protocol Litig.*, No. 2:11-CV-1016, 2017 WL 2262560, at *2 (S.D. Ohio May 24, 2017) (*citing Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164 (3rd Cir. 1993)). Moreover, the Exhibit and description at issue are not pertinent to the issues in dispute with Plaintiffs' Motion for Class Certification. The events depicted in the video and described by Plaintiff are not at all related to Plaintiffs' § 1985 claims for conspiracy to violate Plaintiffs civil rights based on race. The Exhibit is not referred to in any manner on the issue of class certification by either the Plaintiffs or the Defendants, and is merely thrown into Plaintiffs' Reply Brief in an effort to show that complete videos were not referred to in Defendants' Response in Opposition to Plaintiffs' Motion for Class Certification. The Exhibit was not included in the Defendants' Response Brief because it is not relevant, it was not included in Plaintiffs' opening Brief because

it is not relevant, and it has been included in this Reply Brief only for gratuitous reasons wholly unrelated to the issue surrounding the Brief itself. Accordingly, sealing Exhibit 1 and redacting paragraph 2 will not impair the public's ability to understand the parties' positions with respect to class certification.

Here, Plaintiffs have brought civil rights claims against Defendants, and the Court is well aware of concerns that Defendants have raised with regard to retaliation and intimidation by groups who disagree with the enforcement of immigration laws and worksite enforcement operations in particular. While stipulated protective orders do not guarantee that all information in discovery designated "confidential" must be redacted or filed under seal given the high standard for sealing, (Doc. 15, *quoting Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016)), courts in the Sixth Circuit recognize that there is a distinct difference, with regard to the public right of access, between interlocutory disputes on the one hand, and merits disputes, on the other, when reviewing confidential discovery information so designated.

These Defendants are not seeking to seal the Plaintiffs' Brief and all exhibits in their entirety. Instead, the information Defendants seek to redact and seal is narrowly tailored. These Defendants seek only to redact one exhibit and one paragraph from a 20-page brief with 16 exhibits, including two other video exhibits.

## **CONCLUSION**

For the reasons explained above, Defendants respectfully request that this Court grant the Plaintiffs' Motion for Leave to File Under Seal [Doc. 676] and that Exhibit 1 to Plaintiffs' Reply brief be sealed and Paragraph 2 beginning on page 1 of Plaintiffs' Reply Brief be redacted.

5

Case 3:19-cv-00062-TRM-CHS   Document 693   Filed 07/12/22   Page 5 of 7   PageID #: 10656

Respectfully submitted,

Date: July 12, 2022

*/s / Joseph B. Harvey*
HUNTER SMITH & DAVIS, LLP
Jimmie C. Miller, BPR No. 009756
Joseph B. Harvey, BPR No. 028891
P.O. Box 3740
Kingsport, TN 37664
Telephone: (423) 378-8800
Facsimile: (423) 378-8801
Email: jmiller@hsdlaw.com
jharvey@hsdlaw.com

Stephen M. Darden, BPR No. 011461
100 Med Tech Parkway, Suite 110
Johnson City, TN 37604
Telephone: (423) 283-6303
Facsimile: (423) 283-6301
Email: sdarden@hsdlaw.com

*Attorneys for Defendants Francisco J. Ayala, Jeff Bednar, Glen E. Blache, Deni Bukvic, Christopher R. Cannon, Clint A. Cantrell, Kashif Chowhan, Paul Criswell, Blake Diamond, Wayne C. Dickey, Brenda Dickson, Michelle Evans, Theodore Francisco, Mathew Tyler Grooms, Keith A. Hale, John L. Heishman, Jonathan Hendrix, Waylon R. Hinkle, Shannon N. Hope, Ryan Hubbard, Jeffrey P. Klinko, Steven C. Ledgerwood, James K. Liles, David G. Lodge, Troy R McCarter, Joshua D. McCready, Anthony J. Martin, Jason E. Miller, Matthew Moon, George David Nalley, Aunrae A. Navarre, Tommy C. Pannell, Jerrol Scott Partin, David V. Pena, Michael Perez, Billy G. Riggins, Jeffrey A. Schroder, Bobby R. Smith, Ricky D. Smith, Connie Stephens, Ricky Thornburgh, Robert Whited, Austin J. Williams*

6

*/s/ Mary Ann Stackhouse*
Mary Ann Stackhouse, Esq. (BPR #017210)
LEWIS THOMASON, P.C.
One Centre Square, Fifth Floor
620 Market Street
P.O. Box 2425
Knoxville, TN 37901
mstackhouse@lewisthomason.com
(865) 546-4646

*Attorneys for Defendant John Witsell, in his individual capacity*

## CERTIFICATION

Movant's counsel certifies that movant's counsel has in good faith conferred with Plaintiffs' counsel in an effort to resolve this dispute without court action. However, the parties were unable to reach agreement on this matter.

s/ Joseph B. Harvey
Joseph B. Harvey, BPR No. 028891

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of July, 2022, a copy of the foregoing was filed electronically using the Court's ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U. S. Mail. Parties may access this filing through the Court's electronic filing system.

**HUNTER, SMITH & DAVIS, LLP**

*s/Joseph B. Harvey*