UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ISABEL ZELAYA, et al., | ) |
| *Plaintiffs*, | ) Case No. 3:19-cv-62 |
| v. | ) Judge Travis R. McDonough |
| ROBER HAMMER, et al., | ) Magistrate Judge Christopher H. Steger |
| *Defendants*. | ) |

### ORDER

Before the Court is the parties' joint Motion for Preliminary Approval of a class action settlement agreement (Doc. 780). Plaintiffs initiated this action on February 21, 2019, on behalf of themselves and those similarly situated, asserting various class and individual claims against agents of ICE, DHS, HSI, DHS, and CBP in connection with the 2018 raid of the Southeastern Provisions Plant in Bean Station, Tennessee. (Doc. 1; Doc. 732-18, at 3.) On August 9, 2022, the Court certified the class, which consists of approximately 100 Latino plant employees who were detained during the raid ("Class Members"). (Doc. 738.)

On October 12, 2022, over three years of litigation culminated in the proposed settlement agreement ("Agreement") now before the Court (Doc. 780). As part of the Agreement, Defendants Worsham and Appel agree to (1) pay $550,000 to Class Members, which will constitute the Class Settlement Fund, and (2) establish a process enabling Class Members to receive upon request a letter from ICE and the U.S. Attorney's Office of the Western District of Virginia confirming Class Members' status in this litigation. (Doc. 780, at 2.) The Agreement also provides that the United

1

States of America agrees to pay Plaintiffs' counsel $150,000 as partial reimbursement for expenses and fees expended by Plaintiffs' counsel.[1]  (*Id.*)  The parties submitted as an exhibit to the Agreement a notice form for distribution to Class Members as well as a proposed claim form. (Doc. 780-1.)  The parties now jointly move this Court to:  (1) preliminarily approve the Agreement; (2) direct distribution of notice to Class Members; and (3) set a hearing date for final approval of the settlement.  (Doc. 780.)

Ultimate approval of a class action settlement requires a court finding that the settlement is fair, adequate, and reasonable.  Fed. R. Civ. P. 23(e)(2).  Preliminarily, the Court finds that:  the Agreement falls within the range of a reasonable settlement that could ultimately be given final approval by this Court; the Agreement is presumptively valid, as it appears to be the product of intensive, non-collusive, arms' length negotiations between well-informed counsel; the settlement fund amount of $550,000.00 coupled with the non-monetary relief provided is fair and reasonable to Class Members when balanced against the probable outcome of further litigation relating to liability and damages issues; the parties have conducted extensive and costly investigation, discovery, research, and mediation such that the parties are able to reasonably evaluate their respective positions; and the settlement will avoid additional substantial costs, delay, and risks that would be presented by further litigation.  Accordingly, the Court hereby **GRANTS** the Motion for Preliminary Approval (Doc. 780) and **ORDERS** as follows:

---

[1] The Agreement also notes that "[t]he Class Representatives and named Plaintiffs entered into separate individual settlements with the United States in exchange for releasing their Federal Tort Claims Act claims and any other individual claims against any Individual Defendant that were based on individualized allegations of additional harm." (Doc. 780, at 14.)  Under those separate agreements, the United States agreed to pay a total of $475,000 and to accept certain immigration-related terms set forth in the Agreement.  (*Id.* at 11–15.)  Because there is no judicial-approval requirement for the settlement of FTCA claims by the United States, the Court will not evaluate the individual settlement agreements.  *See* 28 U.S.C. § 2677.

2

1. The Court preliminarily **APPROVES** the Agreement as being fair, reasonable and adequate, subject to the Court's final approval and to the right of Class Members to challenge the fairness, reasonableness, or adequacy of the Agreement and to show cause, if any exists, why a final judgment dismissing this case and all released claims, and awarding attorneys' fees and expenses as set forth in the Agreement, should not be entered following a Final Aproval Hearing.

2. The Court hereby **APPOINTS**, as agreed to by the parties, Settlement Services, Inc. as the third-party Claims Administrator to administer the Class Settlement Fund, compute each claiming Class Member's share, and distribute payments. (*Id.* at 6.)

3. The notice and claim forms (Doc. 780-1, at 56–68) are **APPROVED**, and it is ordered that they be mailed to Class Members by the Claims Administrator pursuant to the procedures set forth in the Agreement.

4. Defendants are **ORDERED** to provide notice of the Agreement to the appropriate state office of each state in which a Class Member resides and to the appropriate federal official with written materials as required by the Class Action Fairness Act's notice requirements, as set forth in 28 U.S.C. § 1715(d), within ten days of the Agreement's filing.

5. Any Class Member may opt out of the Agreement by submitting an opt-out request within ninety days of the date the Claims Administrator mails notice.

6. Any Class Member may object to the Agreement by sending a written objection to the Court by the close of the notice period.

7. At the termination of the ninety-day opt-out period, the Claims Administrator shall provide Class Counsel and Counsel for Individual Defendants a list of all Class Members who timely opted out within ten days after the conclusion of the opt-out period.

8. If more than twenty members of the Class Members timely opt out of the Agreement, or if more than five Class Members file individual lawsuits by the end of the notice period, Defendants may exercise the right to withdraw from the Agreement within twenty days after receiving the final list of opt-outs from the Settlement Administrator. In the event this occurs, parties shall submit a proposed scheduling order to the Court within seven days of Defendant's exercise of its right of withdrawal.

9. Plaintiffs' counsel shall file a Motion for Final Approval of the Agreement, including a proposed final judgment, after the opt-out period has ended, but no later than **February 13, 2023**. Plaintiffs' counsel shall also e-mail the proposed final judgment to the Court in Microsoft Word .docx format.

8. A Final Approval Hearing shall be held at **2:00 pm on February 27, 2023**, at the United States District Court for the Eastern District of Tennessee, 900 Georgia Ave, Chattanooga, Tennessee, before the undersigned, to determine whether the proposed settlement of this action on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate and should be ultimately approved by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, as well as whether this action should be dismissed pursuant to the Agreement.

9. As of the date of entry of this order, all proceedings in this case are **STAYED** until further order of this Court, except as may be necessary to implement the Agreement.

**SO ORDERED.**

/s/*Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**