UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

|  |  |
|---|---|
| ISABEL ZELAYA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT HAMMER, et al., <br><br> Defendants. | No. 3:19-CV-00062-TRM-CHS |

**PLAINTIFFS' AND INDIVIDUAL DEFENDANTS' JOINT MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT
AND ENTRY OF FINAL JUDGMENT**

Plaintiffs and Individual Defendants[1] hereby submit this joint motion for final approval of

the class action settlement agreement and entry of final judgment. Fed. R. Civ. P. 23(e). On

---

[1] The Individual Defendants are 92 federal agents against whom the class claims are alleged in their individual capacities: Robert Hammer, Assistant Special Agent in Charge, Homeland Security Investigations ("HSI"); David Vicente Pena, Agent, Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO"); Francisco Ayala, Agent, ICE, ERO; Billy Riggins, Special Agent, ICE; Anthony Martin, Deportation Officer, ICE, ERO; Matthew Grooms, Deportation Officer, ICE; Jerrol Scott Partin, Special Agent, ICE; Theodore Francisco, Special Agent, HSI; Travis Carrier, Special Agent, ICE; Trevor Christensen, Special Agent, ICE; Glen Blache, Agent, ICE; Brenda Dickson, Agent, ICE; George Nalley, Agent, ICE; Clint Cantrell, Special Agent, ICE; Ricky Thornburgh, Agent, ICE; Jonathan Hendrix, Special Agent, HSI; Patrick Ryan Hubbard; Special Agent, ICE; Wayne Dickey, Special Agent, HSI; James Liles, Special Agent, HSI; Michael Perez, Special Agent, HSI; Keith Hale, Special Agent, ICE; Dennis Fetting, Special Agent, ICE; Deni Bukvic, Agent, ICE; Kashif Chowhan, Deportation Officer, ICE, ERO; Blake Diamond, Agent, ICE; Paul Criswell, Agent, ICE; Jeffery Klinko, Agent, ICE; Jeffrey Schroder, Agent, ICE; David Lodge, Deportation Officer, ICE, ERO; Waylon Hinkle, Deportation Officer, ICE, ERO; Connie Stephens, Agent, ICE; Tommy Pannell, Agent, ICE; Shannon Hope, Agent, ICE; Troy McCarter, Agent, ICE; Bradley Harris, Agent, ICE; Joshua McCready, Agent, ICE; Ronald Appel, Resident Agent in Charge, ICE; Bobby Smith, Agent, ICE;

1

October 19, 2022, the Court preliminarily approved the settlement reached by the parties, finding it to be fair, reasonable, and adequate. (Doc. 781 at 3.) The Court appointed Settlement Services, Inc. as the third-party Claims Administrator. *Id*. The Court also approved as to form and content the Notice and Claim Form and directed the Claims Administrator to mail the notice to all class members. *Id.* To date, Class Counsel and the Claims Administrator have completed their obligations pursuant to the preliminary approval order.[2] The parties now seek the Court's final approval of the settlement, pending the conclusion of the notice period and the final fairness hearing.

---

Robert Whited, Agent, ICE; Trey Lund, Deputy Field Office Director, ICE; John Witsell, Agent, ICE; Michelle Evans, Agent, ICE; Steven Ledgerwood, Agent, ICE; Christopher Cannon, Deportation Officer, ICE, ERO; John Heishman, Chief, Customs and Border Patrol ("CBP"); Aunrae Navarre, Agent, CBP; Ricky Smith, Agent, CBP; Matthew Moon, Agent, CBP; Jason Miller, Agent, CBP; Jeff Bednar, Port Director, CBP; Austin Williams, Port Director, CBP; Nicholas R. Worsham, Special Agent, Internal Revenue Service-Criminal Investigations ("IRS"); Rich Nelson, Senior Special Agent, IRS; Carilyn Peters, Agent, IRS; Chris Altemus, Agent, IRS; Greg Martin, Agent, IRS; Danielle Barto, Agent, IRS; Jimmy Cline, Agent, IRS; Trent Tyson, Agent, IRS; Alex Meyer, Agent, IRS; Joey Wooten, Agent, IRS; John "JR" Stansfield, Agent, IRS; John Miller, Agent, IRS; Jarrad Roby, Agent, IRS; Andre Brooks, Agent, IRS; Kevin McCord, Agent, IRS; Bruce McMillan, Agent, IRS; Greg Alexander, Agent, IRS; Frank Downey, Special Agent, IRS; Bennett Strickland, Special Agent, IRS; Jon Witt, Agent, IRS; Don Lemons, Agent, IRS; Ken Runkle, Agent, IRS; James Colby Bird, Agent, IRS; Bill DeSantis, Agent, IRS; Russell Dotson, Agent, IRS; Ty Patterson, Agent, IRS; Sue Poshedley, Agent, IRS; Jane Rigsby, Agent, IRS; Will Stanley, Agent, IRS; Shari Paige, Agent, IRS; Juan Correa, Agent, IRS; Eva Alvarado, Agent, IRS; David Martin, Agent, IRS; Berta Icabalceta, Agent, IRS; Michael Medina, Agent, IRS; Timothy Tyler, Agent, IRS; Brian Grove, Agent, IRS; Meredith Louden, Agent, IRS; Jeannine Hammett, Agent, IRS; Barrett Dickson, Agent, IRS; Jennifer Velez, Agent, IRS; Scott Siedlaczek, Agent, IRS. The Individual Defendants are identified based on their alleged positions as of April 2018. The United States is also a Defendant but not as to the class claims and accordingly, takes no position on this motion.

[2] A declaration detailing the Claims Administrator's compliance with the preliminary approval order will be submitted after the termination of the notice period on February 15, 2023 and prior to the Final Approval Hearing on February 27, 2023. (Doc. 781 at 4.)

## I. BACKGROUND

The Court is familiar with the procedural history and facts of this case up to the settlement, so that information is not repeated here.

On October 12, 2022, the parties moved the Court for preliminary approval of their Joint Stipulation and Settlement Agreement and Release ("Settlement Agreement"). (Doc. 780.) Pursuant to the Settlement Agreement, Defendants Nicholas Worsham and Ronald Appel, on behalf of the Individual Defendants, agreed to pay a total of $550,000.00 that will constitute the Class Settlement Fund. In connection with the settlement of class claims under the Settlement Agreement, Immigration and Customs Enforcement ("ICE") and the U.S. Attorney's Office for the Western District of Virginia agreed to make available to class members upon request a signed letter confirming their status as class members in this litigation. The United States of America agreed to pay Plaintiffs' counsel $150,000.00 for their fees and costs in connection with the settlement of Plaintiffs' individual claims as partial reimbursement for the expenses and fees expended by Plaintiffs' counsel.[3]

The Settlement Agreement and the Court's preliminary approval order provided a timeline and mechanism for distributing the Notice and Claim Form to the Class Members and filing of the Class Action Fairness Act ("CAFA") notice. (Doc. 780-1; Doc. 781 at 3.) To date, the parties and Claims Administrator have met all relevant timelines and requirements. The Claims Administrator has transmitted notice packets, which include the Notice and Claim Form

---

[3] The Plaintiffs and Class Representatives also entered into individual settlements with the United States in exchange for the release of claims under the Federal Tort Claims Act (FTCA) and other individual claims. (*See* Doc. 780 at 14.) Because there is no judicial-approval requirement for the settlement of FTCA claims by the United States, the Court did not evaluate the individual settlement agreements. (Doc. 781 at 2.)

<a>
</a>

in English and Spanish, to 98 mailing addresses[4] and 43 email addresses. (Doc. 784.) In addition, Class Counsel posted the Settlement Agreement, including the Notice and Claim Form, on their websites and transmitted the Notice and Claim Form to Class Members via WhatsApp upon request. Ex. 1 (Declaration of Viviana Garcia) ¶ 2. As of the filing of the final approval motion,[5] at least 94 Class Members have timely submitted Claim Forms to the Claims Administrator.[6] *Id.* ¶ 7. To date, no Class Members have opted out of the Settlement. No objections to the Settlement have been filed with the Court. (Doc. 780-1 at 27 (requiring that written objections be sent to the Court and uploaded on the public docket).) Defendants served the CAFA notice on the relevant state officials on October 21, 2022. (Doc. 782.)

The parties submit that the Settlement Agreement and all of its terms are fair, reasonable, and adequate and respectfully request that the Court grant final approval of the Settlement Agreement and dismiss this action with prejudice pursuant to the terms of the Settlement Agreement.

---

[4] Four Class Members are not able to receive mail because they live in rural areas outside the United States without street names. Ex. 1 ¶ 4; Doc. 780-1 at 24. Class Counsel sent notice packets to those individuals via email and WhatsApp. *Id.* The Settlement Administrator mailed notice packets to the last known addresses of the other 92 Class Members. Ex. 1 ¶ 5. Six notice packets were remailed upon request when Class Counsel received updated addresses. *Id.*

[5] Claim forms must be received by the Settlement Administrator by February 15, 2023 (for fax or electronic mail) or postmarked by February 15, 2023 (for regular mail).

[6] The Settlement Administrator has also received Claim Forms from two individuals who have not previously been identified as Class Members. Ex. 1 ¶ 8. Under the Settlement Agreement, Class Counsel is "empowered to ascertain [an] individual's membership in the class through reasonable means…." (Doc. 780-1 at 21.) Class Counsel has reasonably undertaken to identify these individuals and investigate their claims of membership in the Class, including by consulting with counsel for the United States. These individuals have not provided—and Class Counsel has not otherwise identified—evidence sufficient to establish that they were employed by Southeastern Provision or detained on April 5, 2018. *See id.* at 21-22; Ex. 1 ¶ 8. Accordingly, Class Counsel ascertains that these individuals are not Class Members. These individuals should not be considered part of the Class, permitted to make claims against or receive payment from the class fund, or granted any other form of relief available to Class Members, including under the Settlement Agreement.

## II. THE COURT SHOULD GRANT FINAL APPROVAL OF THE SETTLEMENT.

The "claims, issues, or defenses of a certified class…may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). Rule 23 provides that a class action settlement may be approved "only after a hearing and only on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2).

In making that determination, the Court must consider whether: (1) the class representatives and class counsel have adequately represented the class; (2) the proposed settlement was negotiated at arm's length; (3) the relief provided is adequate; and (4) the proposed settlement treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(1)-(2). These factors are intended to focus the Court "on the primary procedural considerations and substantive qualities that should always matter to the decision whether to approve the proposal." Fed. R. Civ. P. 23(e)(2) advisory committee's notes to 2018 amendment; *see also Int'l Union, UAW v. Gen. Motors Corp.* ("*UAW*"), 497 F.3d 615, 631 (6th Cir. 2007) (noting seven factors for preliminary approval that preceded and are largely encompassed by the 2018 Amendments to Rule 23(e)(2)). For the reasons below, the Court should grant final approval to the Settlement Agreement.

### A. The Class Has Been Adequately Represented.

In its Order on the Plaintiffs' Motion for Class Certification, the Court concluded that "the Named Plaintiffs and class counsel are adequate representatives of the interests of the class members." (Doc. 738 at 16.) Furthermore, in its order granting preliminary approval, the Court observed that the Settlement Agreement resulted from negotiations between "well-informed counsel." (Doc. 781 at 2.) Nothing has changed since then to disturb those findings. By the time the parties reached a settlement in principle, they had engaged in over three-and-a-half years of

litigation, involving a significant volume of depositions, documents, video recordings, written discovery requests, and work with expert witnesses. Further, each Class Representative had committed substantial time to this litigation, including sitting through day-long depositions, collecting documents, drafting written responses, attending medical examinations, and ultimately approving the terms of the Settlement Agreement. As a result of extensive investigation, discovery, research, and mediation, the Class Representatives and Class Counsel were able to reasonably evaluate their position in negotiating the Settlement Agreement, *see id.*, and to secure a settlement entitling each class member to meaningful relief.

In addition, during the notice period Class Counsel has communicated with Class Members in person and via telephone, text message, WhatsApp, and email to ensure that Class Members were informed of their rights with respect to the Settlement Agreement. Ex. 1 ¶ 2. To date, Class Counsel has communicated directly with 92 Class Members, the wife of one Class Member, and the next of kin for two deceased Class Members.[7] *Id.* ¶ 3. In the course of these communications, Class Counsel informed Class Members about the settlement and its terms, confirmed receipt of the notice packet, and answered Class Members' questions about the Settlement Agreement. *Id*.

Taken together, the litigation efforts of Class Counsel and the Class Representatives and Class Counsel's communication with Class Members during the notice period demonstrate that the Class has been adequately represented.

---

[7] Despite Class Counsel's diligent efforts to communicate with every Class Member, there is one individual on the Class list whom Class Counsel has not yet spoken to directly. Ex. 1 ¶ 6. Class Counsel's efforts to locate that individual are ongoing as of the filing of this motion. *Id.* Even if Class Counsel are not able to locate the final class member, the parties respectfully submit that this should not weigh against final approval of the settlement. *See Craig v. Ruby Tuesday*, No. 1:16-cv-00074-SKL, 2018 WL 11416554, at *6 (E.D. Tenn. May 10, 2018) (finding that inability to locate only two of 118 class members weighed in favor of final approval).

### B. The Settlement Was Negotiated at Arms' Length.

In its October 19, 2022 order granting preliminary approval, the Court found that "the Agreement is presumptively valid, as it appears to be the product of intensive, non-collusive, arms' length negotiations between well-informed counsel." (Doc. 781 at 2.) Because the details of the negotiations remain unchanged, this factor weighs in favor of final approval.

### C. The Settlement Provides Adequate Relief to Class Members.

In determining whether the relief provided for the class is adequate, courts consider: (1) the costs, risks, and delay of trial and appeal; (2) the effectiveness of any proposed method of distributing relief to the class; (3) the terms of any proposed award of attorneys' fees; and (4) any agreement required to be identified under Rule 23(e)(3). *See* Fed. R. Civ. P. 23(e)(2)(C).

This Court has preliminarily found that "the Agreement falls within the range of a reasonable settlement that could ultimately be given final approval by this Court." (Doc. 781 at 2.) The Court further found that "the settlement fund amount of $550,000.00 coupled with the non-monetary relief provided is fair and reasonable to Class Members when balanced against the probable outcome of further litigation related to liability and damages issues." *Id*. The Court also noted that "the settlement will avoid additional substantial costs, delay, and risks that would be presented by further litigation." *Id*. In the intervening time, nothing has changed to alter this analysis.

The response from Class Members to date also supports a finding that the settlement provides adequate relief. Over 95 percent of the Class Members have submitted claim forms, a high response rate that weighs in favor of final approval. *See In re Se. Milk Antitrust Litig.*, Master File No. 2:08-MD-1000, 2012 WL 2236692, at *3 (E.D. Tenn. Jun. 15, 2012) (finding a 90 percent response rate to be an "overwhelming positive class response" that "weighs heavily in

favor of approval of the settlements"). Moreover, no Class Member has objected to or asked to be excluded from the settlement, which also weighs in favor of final approval. *Id*. at *4 ("The small number of objections received can be viewed as indicative of the adequacy of the settlement"); *see also, e.g.*, *Harbin v. Emergency Coverage Corp.*, Case No. 3:16-CV-125, 2018 WL 2266515, at *2 (E.D. Tenn. May 17, 2018) (granting motion for final approval and noting that no class members requested exclusion and no objections were filed).

As such, and for the reasons explained in the Joint Motion for Preliminary Approval (Doc. 780 at 11-15), the Settlement Agreement provides adequate relief to Class Members.

### D. The Settlement Treats Class Members Equitably.

The Settlement Agreement benefits all class members equitably. Each class member is entitled to a pro rata share of the overall class settlement, which will result in the same monetary payment of $5,000 to $6,000 per class member.[8] The six named Plaintiffs in this Class will not separately be able to make a claim from the Class Settlement Fund given the settlement of their Federal Tort Claims Act ("FTCA") claims arising out of the same action. Additionally, the letters from ICE and the U.S. Attorney's Office for the Western District of Virginia for Class Members are available to *all* Class Members who timely submit claims and who request such a letter for use in any applications for immigration relief. This factor therefore also supports final approval.

### III. REQUEST FOR ENTRY OF FINAL JUDGMENT

If the Court grants final approval of the Settlement Agreement, the parties request that the

---

[8] Except for the pro rata payment of the Class Settlement Amount under Section 4.1 of the Settlement Agreement and the payment of Plaintiffs' Counsel's Fees and Expenses under Section 3.3 of the Settlement Agreement, all parties are responsible for the payment of their attorney's fees, expert costs, and other litigation expenses.

8

Court enter Final Judgment in the form of the Proposed Order attached to the Joint Motion and dismiss the claims of the Named Plaintiffs and Rule 23 Class Members with prejudice. However, because the parties and Class Counsel have obligations under the Settlement Agreement following the entry of final judgment, and because the Court has appointed a Claims Administrator to distribute the Class Settlement Fund, the parties request the Court retain jurisdiction over this case to enforce the Settlement Agreement should it become necessary. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 380-82 (1994) (discussing federal courts' authority to retain jurisdiction to enforce the terms of a settlement agreement); *see also* Doc. 780-1 at 42 (detailing the parties' agreement regarding retention of jurisdiction).

## **CONCLUSION**

For the reasons stated above, the joint motion seeking final approval of the settlement and entry of final judgment should be granted.

Respectfully submitted this 13th day of February, 2023,

| | |
|---|---|
| */s/ Meredith B. Stewart* | */s/ Michelle Lapointe* |
| Meredith B. Stewart | Michelle Lapointe |
| SOUTHERN POVERTY LAW CENTER | NATIONAL IMMIGRATION LAW CENTER |
| 201 Saint Charles Avenue, Suite 2000 | P.O. Box 247 |
| New Orleans, LA 70170 | Decatur, GA 30031 |
| T: (504) 486-8982 | T: (213) 279-2508 |
| F: (504) 486-8947 | F: (213)-639-3911 |
| meredith.stewart@splcenter.org | lapointe@nilc.org |

9

Felix A. Montanez  
SOUTHERN POVERTY LAW CENTER  
P.O. Box 12463  
Miami, FL 33131  
T: (561) 590-1646  
F: (850) 521-3001  
felix.montanez@splcenter.org  

Norma Ventura  
Julia Solórzano  
Sharada Jambulapati  
SOUTHERN POVERTY LAW CENTER  
P.O. Box 1287  
Decatur, GA 30031  
T: (404) 521-6700  
F: (404) 221-5857  
norma.ventura@splcenter.org  
julia.solorzano@splcenter.org  
sharada.jambulapati@splcenter.org  

Eben P. Colby  
500 Boylston Street  
Boston, Massachusetts 02116  
T: (617) 573-5855  
F: (617) 305-4855  
Eben.Colby@probonolaw.com  

Jeremy A. Berman  
One Manhattan West  
New York, NY 10001  
T: (212) 735-2032  
F: (917) 777-2032  
Jeremy.Berman@probonolaw.com  

Araceli Martínez-Olguín  
NATIONAL IMMIGRATION LAW CENTER  
3450 Wilshire Blvd. #108 – 62  
Los Angeles, CA 90010  
T: (213) 639-3900  
F: (213) 639-3911  
martinez-olguin@nilc.org  

Joanna Elise Cuevas Ingram  
NATIONAL IMMIGRATION LAW CENTER  
P.O. Box 170392  
Brooklyn, NY 11217  
T: (213) 377-5258  
F: (213) 377-5258  
cuevasingram@nilc.org  

William L. Harbison (No. 7012)  
John L. Farringer IV (No. 22783)  
SHERRARD ROE VOIGT & HARBISON, PLC  
150 3rd Avenue South, Suite 1100  
Nashville, TN 37201  
T: (615) 742-4200  
F: (615) 742-4539  
bharbison@srvhlaw.com  
jfarringer@srvhlaw.com  

Phillip F. Cramer (No. 20697)  
SPERLING & SLATER P.C.  
150 3rd Avenue South, Suite 1100  
Nashville, TN 37201  
T: (312) 641-3200  
F: (312) 641-6492  
pcramer@srvhlaw.com

Arthur R. Bookout
Andrew D. Kinsey
Stefania A. Rosca
Korinne W. Muller
One Rodney Square
920 N. King Street
Wilmington, DE 19801
T: (302) 651-3026
F: (302) 434-3026
Art.Bookout@probonolaw.com
Andrew.Kinsey@probonolaw.com
Stefania.Rosca@probonolaw.com
Korinne.Muller@probonolaw.com

Mitchell A. Hokanson
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
T: (213) 687-5078
F: (213) 621-5078
Mitchell.Hokanson@probonolaw.com

*Counsel for Plaintiffs*

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**

By: /s/ Tom Aumann (with permission)
    Charles K. Grant
    Tom Aumann
    Clarence Risin
1600 West End Avenue, Suite 2000
Nashville, Tennessee 37203
Telephone (615) 726-5600
cgrant@bakerdonelson.com
taumann@bakerdonelson.com
crisin@bakerdonelson.com

*Counsel for the IRS Non-Planner Defendants*

**HUNTER SMITH DAVIS LLP**

By: /s/ Jimmie C. Miller (with permission)
    Jimmie C. Miller
    Joseph B. Harvey
P.O. Box 3740
Kingsport, Tennessee 37664
Telephone (423) 378-8800

Stephen M. Darden
100 Med Tech Parkway, Suite 110
Johnson City, Tennessee 37604
sdarden@hsdlaw.com

*Counsel for the DHS Non-Planner Defendants*

| | |
|---|---|
| **MILLER & MARTIN PLLC**<br><br>By: */s/ Zachary H. Greene* (with permission)<br>   Donald J. Aho<br>   Zachary H. Greene<br>   Bradford G. Harvey<br>1200 Volunteer Building<br>832 Georgia Avenue<br>Chattanooga, Tennessee 37402<br>Telephone (423) 756-6600<br>don.aho@millermartin.com<br>zac.greene@millermartin.com<br>brad.harvey@millermartin.com<br><br>*Counsel for the IRS Planner Defendants* | **WOOLF, MCCLANE, BRIGHT, ALLEN & CARPENTER, PLLC**<br><br>By: */s/ J. Ford Little* (with permission)<br>   J. Ford Little<br>   J. Chadwick Hatmaker<br>   Kaitlyn E. Hutcherson<br>900 Riverview Tower<br>900 S. Gay Street<br>Knoxville, Tennessee 37901<br>Telephone (865) 215-1000<br>flittle@wmbac.com<br>chatmaker@wmbac.com<br>khutcherson@wmbac.com<br><br>*Counsel For Defendants Ronald J. Appel, Travis E. Carrier, Trevor W. Christensen, Dennis M. Fetting, Robert Hammer, and Trey Lund* |
| **LEWIS THOMASON, P.C.**<br><br>By: */s/ Mary Ann Stackhouse* (with permission)<br>   Mary Ann Stackhouse<br>   Lynn C. Peterson<br>P.O. Box 2425<br>Knoxville, Tennessee 37901<br>Telephone (865) 546-4646<br><br>*Counsel for Defendant John Witsell* | |

## CERTIFICATE OF SERVICE

I, Meredith Stewart, hereby certify that on February 13, 2023, a true copy of this Motion was served via the Court's electronic filing system upon all counsel of record.

<div align="right">

s/ *Meredith B. Stewart*
Meredith B. Stewart

</div>

13

Case 3:19-cv-00062-TRM-CHS   Document 788   Filed 02/13/23   Page 13 of 13   PageID #: 14443